## McGHEE et al. v. HURST et al.

No. 11406—Opinion Filed July 17, 1923.

1. New Trial—Discretion of Court.

Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

2. Appeal and Error—Discretionary Rulings—New Trial.

This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac 982.

3. Same—Showing for Reversal.

As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by E. A. Hurst and another against T. J. McGhee and another. Judgment for defendants, and from an order granting a new trial, defendants bring error. Affirmed.

Verne E. Thompson, for plaintiffs in error.

Riddle, Bennett, Wilson & Mitchell, for defendants in error.

Opinion by JONES, C. This case was originally instituted in the district court of Ottawa county, Okla., an the 16th day of September, 1918, by the filing in said court of the petition on behalf of the plaintiffs in the trial court, E. A. Hurst and Ollie Hurst, against T. J. McGhee and W. M. Scott.

The petition, in substance, alleges that the plaintiffs were husband and wife; and that in March, 1918, they visited the Miami lead and zinc fields, and while in the city of Miami, met the defendants who informed plaintiffs they could secure a desirable mining lease; that they referred them to the different banks in the city of Miami as to their standing, and that they received from the banks favorable recommendations of the defendants. They further allege that they were not conversant with the mining business, and in their dealings with defendants relied solely upon the integrity of the defendants; that defendants advised them they could secure a lease from a man by the name of Swally, who was then a resident of Joplin, Mo., and who was the owner of the property, for the sum of $15,000. Defendants then stated that they, themselves, would take the lease, but that it cost more money than they could afford to put into the deal, and that they were willing to take plaintiffs in for a one-third interest for the sum of $5,000, and that they would pay $5,000 each for their respective one-third interest. After considerable negotiations the deal was finally closed on the above basis, and the plaintiffs paid the sum of $5,000 for a one-third interest in said lease, but were afterwards advised that the defendants only paid $3,000 for the lease. And upon obtaining this information this suit was instituted, and the plaintiffs allege that they believed and relied upon the statements made by the defendants as to the cost of the lease, and that they were thereby defrauded, and they pray these defendants be required to return to them the sum of $5,000, and assert that they are willing to assign to defendants whatever interest in said contract for mining lease they may have, and pray for the further sum of $7,500 as actual damages. $2,500 as punitive damages, to which petition the defendants filed their answer and general denial as to all the material allegations in plaintiffs' petition, and specifically deny that they made any false or fraudulent representations which induced

plaintiffs to purchase the lease in controversy.

The case was tried on November 17, 1919, to a jury and resulted in a verdict in favor of the defendants, who are plaintiffs in error in this court. A motion for new trial was filed in the trial court on November 21. 1919, and after presentation of same, the court took it under advisement, and on December 13, 1919, sustained the motion for a new trial, setting aside the verdict of the jury and granting a new trial. Thereupon defendants, plaintiffs in error herein, gave notice of appeal, and have perfected same, and on the assignment of error filed by plaintiffs in error, the action of the trial court in granting the motion for a new trial is urged as error. Plaintiffs in error urge that no error was committed in the trial of the case, and that it was error on the part of the trial court to grant a new trial, but from an examination of the records and from the brief of plaintiffs in error, we are inclined to the opinion that this court would not be justified in sustaining the contention of plaintiffs in error. Plaintiffs in error cite in their brief the case of Anderson v. Chrisman, 37 Okla. 73, 130 Pac. 539, and the case of St. L., I. M. & S. R. Co. v. Lowrey, 61 Okla. 126, 160 Pac. 716, and rely on the rule laid down in these authorities as the proper rule to be applied in the case at bar. In those cases, however, the motion for new trial was granted by the court on its own motion, and without being urged to do so by either of the parties litigant. This, we think, clearly distinguishes those cases from the case at bar, and follows the rule heretofore laid down by this court in the case of Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113, wherein the Supreme Court held:

"The Supreme Court will not reverse the order of the trial court granting a new trial, unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made."

Held further:

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial, than where it is the refusal."

And the same rule is followed in Freeman et al. v. Farmers' & Merchants' Bank, 51 Okla. 588, 152 Pac. 105.

Believing that the trial court was fully justified in granting the motion for a new trial, the appeal is dismissed, and the case remanded to the lower court for further proceedings in conformity with this opinion.

By the Court: It is so ordered.