## WILSON v. CENTRAL STATE BANK of MUSKOGEE.

No. 11887—Opinion Filed Oct. 2, 1923.

**1. New Trial—Discretion of Court.**

Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

**2. Appeal and Error — Discretionary Rulings—New Trial.**

The action of the trial court in granting a motion for new trial will not be disturbed unless the court committed error upon a pure and unmixed question of law.

**3. Same—Affirmance.**

Record examined, and held, that the judgment ought to be affirmed.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by Central State Bank of Muskogee against W. R. Wilson for possession of one automobile for the purpose of foreclosure of chattel mortgage. Judgment for the defendant. Plaintiff was granted a new trial. Defendant brings error. Affirmed.

I. H. Cox, for plaintiff in error.

Leahy & Brewster, for defendant in error.

Opinion by STEPHENSON, C. This appeal involves the consideration of the ruling of the trial court in granting the plaintiff a new trial. The plaintiff commenced its action against the defendant for the possession of one automobile for the purpose of foreclosure under chattel mortgage held by the plaintiff.

The defendant answered that he was the owner of the property, without notice, and for a valuable consideration. The defendant alleged that the chattel mortgage in question was taken by plaintiff on automobiles in the possession of the mortgagor, and then being offered for sale in the regular course of business, and that the mortgagor was permitted by the mortgagee to take the automobiles into adjoining counties for demonstration purposes and for sale. The allegations of the petition and answer created issues of fact for submission to the jury under proper instructions. Although the terms of the chattel mortgage required the written consent of the mortgagee for taking the property out of the county or selling it, the provision was for the benefit of the mortgagee. and the latter might waive it by the conduct of its officers and agents, independent of written authority. The only question of fact in this cause for submission to the jury was whether or not the mortgagee had by its acts or conduct granted the mortgagor authority to sell and dispose of the mortgaged property. The instructions given in this case are confusing and cast a greater burden on the plaintiff than it was entitled to carry in a case of disputed evidence. The trial courts are vested with a very large and extended discretion in the granting of a new trial, and the action of the trial court in sustaining a motion for new trial will not be disturbed on appeal unless the error is purely one of law. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113; Hughes v. C., R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591.

We deem it unnecessary to discuss the instructions given, as it is not likely that similar errors will occur in the retrial of the cause.

Therefore it is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.