## NALE v. HERSTEIN et al.

No. 14361—Opinion Filed Nov. 13, 1923.

Rehearing Denied Jan. 15, 1924.

**1. New Trial—Granted. When.**

Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

**2. Appeal and Error—Order Granting New Trial—Review.**

This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

**3. Same.**

As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by John B. Nale against Milton Herstein and another. Judgment for plaintiff, and from an order of the court granting defendants a new trial plaintiff appeals. Affirmed.

A. C. Sewell, for plaintiff in error.

Wilkinson & Hudson, for defendants in error.

Opinion by JONES, C. Plaintiff in error, plaintiff below, instituted this suit the 16th day of August, 1918, in the district court of Pittsburg county, Okla., against the defendants in error, defendants below, in which he alleges that the defendants are indebted to him in the sum of $1,250, the purchase price and consideration due the plaintiff for a certain deed of conveyance, and alleges that he executed and delivered such deed, and that defendants have failed and refused to pay the consideration aforesaid. To which petition the defendants answer and admit the execution and delivery of the deed as alleged by the plaintiff, but aver that the check given to plaintiff in payment of the lands conveyed had a notation on it to the effect that same was not to be paid, unless the deed in controversy had been duly signed and acknowledged by the wife of the plaintiff herein, she being the owner of an undivided one-half interest in the lands conveyed by said deed, and that the wife failed and refused to sign the deed and for that reason the check was never paid.

Defendants further aver that they had paid the plaintiff $100 on said consideration and also had paid an attorneys fee of $100 at the instance of the plaintiff who was to clear the title and place the defendants in possession of the lands conveyed, and that in order to protect themselves for the money already paid they placed the deed of record and that thereafter the plaintiff joined by his wife sold and conveyed by warranty deed the identical lands which were described in the conveyances to these defendants and that these defendants thereafter for a consideration sufficient to reimburse them for all moneys paid out in connection with the transaction, executed a quitclaim deed to O. W. Degarimore, the grantee of plaintiff herein.

Plaintiff in reply to defendants answer alleges that the deed to the defendants herein while upon its face shows that a one-half interest in the land was conveyed, that he in fact only owned a one-fourth interest and only intended to convey a one-fourth interest and also urges that while he joined in the deed executed by he and his wife to Degarimore in which they conveyed all the interest owned in the tract of land described in the deed. That in fact they only intended to convey the interest of his wife, Mary Isabella Nale, and therefore he is entitled to recover the purchase price as set forth in the alleged deed to the defendants herein. The case was tried to a jury which returned

a verdict in favor of the plaintiff for the amount sued for.

Defendants filed a motion for a new trial and motion for judgment notwithstanding the verdict of the jury, which motion was granted by the court and judgment rendered in favor of the defendants and against the plaintiff. Thereafter, on motion of the defendants the judgment rendered notwithstanding the verdict of the jury was set aside and the motion for a new trial. was then urged, and by the court granted, from which order granting the motion for a new trial, the plaintiff appeals.

We have carefully examined the record, which contains the evidence and instructions given by the court, and setting aside the verdict of the jury and granting a new trial. was clearly justified in view of the fact that this court has announced the rule that:

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law and that except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial." Duncan v. McAlester, Choctaw Coal Co., 27 Okla. 427, 112 Pac. 989.

This case has been recently followed by the court in the case of McGee et al. v. Hurst, 91 Okla. 258, 217 Pac. 368, and the case of McLaurin v. Peoples State Bank, 95 Okla. 6, 217 Pac. 187. We therefore recommend that the order of the court in granting the new trial be affirmed, and the case remanded for a new trial.

By the Court: It is so ordered.