Note.—See under (1) 4 C. J. §§ 2834, 2872, 2873; 38 Cyc. pp. 1548, 1578; (2) 38 Cyc. pp. 1514, 1516; (3) 26 Cyc. pp. 1098, 1102, 1413; (4) 26 Cyc. pp. 1416, 1417; (5) 26 Cyc. p. 1462; (6) 26 Cyc. p. 1182; (7) 26 Cyc. pp. 1180, 1229; (8) 26 Cyc. pp. 1177, 1478, 1482; (9) 4 C. J. § 2890; (10) 26 Cyc. p. 1503; (11) 26 Cyc. p. 1517.

---

## BURTSCHI v. LOVE et al.

No. 14972—Opinion Filed Dec. 16, 1924.

### 1. New Trial—Discretion of Trial Court.

Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

### 2. Appeal and Error—Review—Grant of New Trial.

The Supreme Court will not reverse the order of the trial court granting a new trial, unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

### 3. Same—Showing for Reversal.

As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned be the granting of a new trial than where it is the refusal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by W. A. Love and Cora Love against the Hotel Lawrence Company, a corporation, and Julius L. Burtschi, for recovery of damages. Judgment granting new trial. Julius L. Burtschi appeals. Affirmed.

Geo. E. Swisher, for plaintiff in error.

Gustave A. Erixon and Loyal J. Miller, for defendants in error.

Opinion by THOMPSON, C. This action was commenced by W. A. Love and Cora Love, his wife, as plaintiffs, against the Hotel Lawrence Company, a corporation, and Julius L. Burtschi, as defendants, for the recovery of $73,000, as damages for breach of lease contract.

The cause was tried to a jury and at the close of all the testimony in the case the defendants filed a request for an instructed verdict in their favor, but before the court passed upon the request for an instructed verdict, the plaintiffs asked leave to file an amended petition against the defendant, Julius L. Burtschi, upon the facts stated in the petition, and asked that the action be docketed as a separate action of the plaintiff Love against the defendant Burt-

schi, which was denied by the court, and the court instructed a verdict in favor of the defendants, Hotel Lawrence Company and Burtschi, and the jury upon said instructions returned a verdict in favor of the defendants and against the plaintiffs. Exceptions were duly reserved by the plaintiffs to the actions of the court. Motion for new trial was presented, heard, and overruled as to the defendant Hotel Lawrence Company, but sustained as to the defendant Julius L. Burtschi. Exceptions were reserved by plaintiffs and by the defendant Burtschi. No appeal was taken by the plaintiffs, but defendant Burtschi appeals from the decision of the trial court in sustaining the motion for new trial as to him, and the cause comes on appeal to this court upon the question of whether the court committed error in sustaining the motion for new trial against Burtschi. The decision of the lower court, as disclosed by the record, so far as it affects this appeal, is as follows:

"The motion for a new trial as against the defendant Burschi is sustained for this reason: That prior to the court's instructing a verdict in favor of the defendant Burtschi and against the plaintiffs, the plaintiffs asked leave to file an amended petition against the defendant Burtschi upon the facts which had been stated in the petition in favor of the plaintiff and against the defendant Burtschi and ask that that action be separately docketed as a separate action of the plaintiff Love against the defendant Burtschi. The court is of the opinion that there was sufficient facts stated in the petition of plaintiffs against Burtschi against which a cause of action could have been based and that there was probably sufficient evidence introduced in the trial of the case to have established a cause of action against Burtschi, but as the petition, in the mind of the court, and the evidence, was introduced on the theory that there was a breach of a lease contract, the court instructed the jury to return a verdict for both of the defendants. As the court feels in reference to the matter, Love probably has got a cause of action, which, if properly stated in an amended petition, could be sustained as against Burtschi and for that reason, the court sustains the motion as against Burtschi and permits the plaintiff to file an amended petition as against Burtschi and have the same separately docketed."

The rule to be applied here seems to have been settled in the recent case of Wilson v. Central State Bank, 92 Okla. 234, 218 Pac. 1061, which follows several prior Oklahoma decisions, beginning with the case of Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.

The first and second paragraphs of the syllabus of the first above mentioned case are as follows:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them.

"The action of the trial court in granting a motion for new trial will not be disturbed unless the court committed error upon a pure and unmixed question of law."

The case of Trower v. Roberts, supra, seems to be the leading case upon the question involved here, the first paragraph of the syllabus of which is identical with the first paragraph of the syllabus in the Wilson v. Central State Bank Case. The second and third paragraphs of the syllabus of the Trower v. Roberts Case are as follows:

"The Supreme Court will not reverse the order of the trial court granting a new trial, unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

Each paragraph of the syllabus in the cases referred to above has been quoted with approval in a long list of cases decided by this court, and seem to be the settled law upon this proposition.

The principles to be obtained from the opinions of this court upon this subject is that the trial court has a wide discretion in the granting of new trials, and that the granting of a new trial by the trial court will not be disturbed, unless the court commits error upon a pure and unmixed question of law, and that the granting of a new trial to parties only grants to them the right to have the issues between them again submitted to a jury or court. Then applying the principles to be deduced from the au-

thorities to the instant case, we are of the opinion that the trial court was eminently correct in granting the plaintiffs a new trial in the instant case as against the defendant Julius L. Burtschi.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 1008, 1009; (2, 3) 4 C. J. § 2813.