### BAKER & STRAWN v. MAGNOLIA PETROLEUM CO.

No. 15738—Opinion Filed March 2, 1926.

Withdrawn, Corrected, Refiled, and Rehearing. Denied Oct. 5, 1926.

Second Petition for Rehearing Denied March 8, 1927.

**1. Appeal and Error—Discretion of Trial Court—Grant of New Trial.**

The trial court, for the purposes of administering justice, has a very wide latitude and extended discretion in setting aside and modifying proceedings had in its own court, and where the trial court grants a new trial, it will not be reversed unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made, and all this must appear from the record.

**2. New Trial—Challenge to Justness of Verdict—Court's Duty of Deliberation .**

It is the imperative, abiding duty of the trial court, after the jury has returned its verdict and awarded to one or the other, success in the controversy, where the justness of the same is challenged, to carefully weigh the entire matter, and unless the court is satisfied that the verdict is responsive to the demands of justness, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion at which it has arrived, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, when challenged, be permitted to stand.

On Rehearing.

**3. Statutes—Construction—Prospective Application.**

Under the general rule of construction, where a statute is expressed in general terms and in words of the present tense, it will be construed to apply not only to things and conditions existing at the time of its passage, but it will be also given a prospective interpretation by which it will apply to such things and conditions as come into existence thereafter.

**4. Negligence—Liability for Damages for Setting out Fires.**

Under sections 3849 and 3850, C. S. 1921, damages may be recovered by any one for injury to, or destruction of, his property located and used in rural life by fire from any one who willfully or carelessly sets out such fire or causes it to be set out as described in said sections.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Baker & Strawn, copartnership,. against the Magnolia Petroleum Company.. Verdict for plaintiffs. Motion for a new trial filed by defendant, and sustained by the court, and plaintiffs appeal. Affirmed.

J. A. Bass, for plaintiffs in error.

Blakeney & Ambrister, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

The petition of plaintiffs contained two causes of action, and they elected to stand upon the first cause of action, which alleged, in substance, that plaintiffs and defendant were owners of adjoining leaseholds in Carter county, and plaintiffs had a number of oil and gas wells on its leasehold, and well No. 8 was flowing oil and gas on October 6, 1920, and had been so flowing for several days prior to said date, which fact was well known to defendant, its servants and agents, etc. That defendant piled brush and logs on its (defendant's) leasehold about 275 feet from plaintiffs' well No. 8, and defendant's agents, servants, etc., set the brush afire and the air was permeated with gas from well No. 8, and was highly inflammable, and defendant's agents and servants left the brush pile without first extinguishing the fire, and the fire spread to plaintiffs' leasehold and destroyed plaintiffs' rig and appurtenances to the damage of the plaintiffs in the sum of $6,339.66.

Defendant filed its general demurrer, which was by the court overruled, and after answer filed, the cause was tried to a jury. and a verdict returned for plaintiffs in the amount sued for. Defendants filed their motion for a new trial, which was by the court sustained, and from the judgment of the court sustaining defendant's motion and granting a new trial, plaintiffs appeal, and the only question presented on appeal is, Did the court err in sustaining the motion and granting the new trial?

Defendant's motion for a new trial contained eight specifications of error, and this court is not advised upon which of the eight specifications of error the trial court founded its judgment sustaining the motion for a new trial, the court's order simply reciting:

"And the court having heard the argument of counsel and being well and sufficiently advised in the premises, is of the opinion that the defendant's motion for a new trial should be and the same is hereby sustained and a new trial granted herein."

The court may have sustained the motion for any one or more of the reasons set forth in the motion for a new trial, and sufficient ground may have been found for so doing, and this court has repeatedly held that the trial court, for the purpose of administering justice, has a very wide latitude and extended discretion in setting aside and modifying proceedings had in its own court, and where the trial court grants a new trial, it will not be reversed unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made, and all this must appear from the record.

This court is frequently called to pass upon the question, and attention is called to the following cases very recently decided by this court: Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 Pac. 722, where it was said:

"Upon the trial of the cause to a jury, a verdict was returned in favor of the defendant insurance company. The trial court granted plaintiff's motion for a new trial without specifying any reason or ground for the granting thereof. The appellant contends that the order of the trial court awarding a new trial is reversible error. * * * Every presumption is in favor of the regularity of the trial court's action. He sits as the thirteenth juror, and, if he is not satisfied with the fairness and justness of the result, it is his duty to order a retrial. No reason is given for the action of the trial court, and the presumptions of correctness therefore apply with especial vigor and force."

See, also, K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 Pac. 496; Wilson v. Central State Bank of Muskogee, 92 Okla. 234, 218 Pac. 1061; Smith v. Wells, 89 Okla. 268, 215 Pac. 431; McGhee v. Hurst, 91 Okla. 258, 217 Pac. 368; Nale v. Herstein et al., 94 Okla. 263, 222 Pac. 248; Howerton v. State Bank of Miltonvale, Kan., 91 Okla. 233, 217 Pac. 173.

In an earlier case, Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac, 890, this court said:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged, as in this case, to carefully weigh the entire matter, and unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, when challenged, be permitted to stand."

After a careful examination of the whole record, this court cannot say the trial court abused its discretion in sustaining the defendant's motion for a new trial, and the judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

### On Rehearing.

Opinion by THREADGILL, C. The original opinion affirming the judgment of the trial court was rendered in this case on March 2, 1926. Plaintiff in error filed its petition for rehearing and complained of the opinion on the ground that it failed to construe or express an opinion on sections 3849 and 3850, Comp. Stat. 1921, which it contended it relied on as controlling in the trial of the case. Upon consideration of this petition a rehearing has been granted, not for the purpose of changing the opinion, but for the purpose of construing the statute and adding same to the opinion.

The trial court, in its charge to the jury, read these two sections of the statute as the law of the case. Defendant, Magnolia Petroleum Company, excepted to this paragraph, as well as other paragraphs, of the instructions, and contended that these sections of the statute had no application to the facts stated in plaintiff's petition. If these sections are applicable to the facts stated in the petition, plaintiff was entitled to base its action on them and have the question of damages passed on by the jury, as was done, and it was the jury's province to determine how much damages, if any, should be awarded under the evidence and instructions given. Since the opinion affirms the judgment of the trial court, granting a new trial, the cause will probably have to be tried again, and both parties, in their briefs, have requested that we pass on the question as to whether or not these sections of the statute are applicable to the facts stated by plaintiff in its petition. They were drawn into the controversy of the first trial, and will,

no doubt, be drawn into it at the trial anew, and it is thought their meaning should receive our attention at this time in view of the new trial.

If they are applicable, plaintiff has a case for damages to be tried, and if not applicable he has not.

These two sections were passed by the first Legislature of the Territory of Oklahoma in 1890. The first section declares against, first, willfully, negligently, and carelessly starting or causing to be set on fire any woods, marsh, or prairie; second, making a campfire or other fire, and leaving it without having thoroughly extinguished the same so that the fire shall spread and burn any wood, marsh, or prairie. These acts were made a misdemeanor and penalty fixed in a sum not exceeding $200, and a jail sentence of not more than one year, and the section further provides liability for damages in a civil action to any person damaged by such fire. The second section provides that where the fire described in the first section injures or destroys "the ranch, buildings, improvements, fencing, timber, marsh, or any other property of any person," the person causing the fire shall be responsible to the person so injured for all damages. It further provides that when such fire injures or destroys a cattle ranch, or improvements, or hay upon such ranch, or grass growing thereon, the person causing the fire shall respond in damages to the person injured.

The purpose of this statute was to prevent carelessness in the use of fire and destruction of property in the Territory of Oklahoma in country life. Besides the items of property specified, it uses the language "or other property of any person," making its meaning broad enough to include all sorts of personal property, as well as property attached to real estate subject to injury or destruction by fire, and when brought over and made part of the laws of the state in 1908, it is broad enough to include all sorts of personal property and property attached to real estate, subject to injury or destruction by fire, whether the said property is situated on land where the fire was started or on adjoining land. It was certainly not the intention of the lawmakers to limit the provisions of the statute to the particular property in existence on the date and in the year it was passed, but it must have been the intention to extend these provisions to any property subject to injury or destruction by fire connected with rural or farm life, whether in existence then or to come into existence thereafter.

The property subject to injury or destruction is described in connection with the words "any woods, marsh, prairie, or ranch," and we think, from the language used, it was the intention of the Legislature that the property meant to be included in the property subject to injury or destruction by the careless use of fire was such property as is located on and used in rural life as distinguished from property owned and used in urban life.

Under the general rule, where the statute is expressed in general terms and in words of the present tense, it will be construed to apply not only to things and conditions existing at the time of its passage, but it will be also given a prospective interpretation, by which it will apply to such things and conditions as come into existence thereafter. This seems to have been plaintiff's theory in bringing its action. The property destroyed by fire was oil well property and unknown to Oklahoma Territory at the time the statute was passed, but we may say it was property in prospect, that came into existence in the development of the country and after statehood. Plaintiff cites many authorities to support this construction: Newman v. Arthur, 109 U. S. 132, 27 L. Ed. 883; Pickhardt v. Merritt, 33 L. Ed. 355; Hedden v. Robertson, 38 L. Ed. 258; United States v. Einstein, 78 Fed. 798; Territory v. Jones (N. M.) 99 Pac. 338, 20 L. R. A. (N. S.) 239; People ex rel. McClelland v. Roberts (N. Y.) 42 N. E. 1082, 31 L. R. A. 399; Schus v Powers-Simpson Co. (Minn.) 89 N. W. 68, 69 L. R. A. 887; Wall v. Platt (Mass.) 48 N. E. 270; 2 R. C. L. 1168, par. 3; Commonwealth v. Maxwell et al. 271 Pa. 378, 114 Atl. 825, 16 Am. L. R. 1134; Buckannan v. State, (Tex. Cr.) 252 S. W. 510, 25 R. C. L. 778, par. 24.

We think these authorities are sufficient to support plaintiff's contention that sections 3849 and 3850, Compiled Statutes 1921, are applicable to the facts alleged in its petition and authorize the action for damages.

The trial of the case anew should be in accord with these views, and with this construction of the statute added to the opinion written by Commissioner Ruth, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 830 §2813: 29 Cyc. p. 1008. (2) 29 Cyc. p. 759 (Anno).