### W. T. RAWLEIGH CO. v. CATE et al.

No. 21691.   Dec. 11, 1934.

R. E. Bowling and C. L. McArthur, for plaintiff in error.

Womack, Brown & Cund, for defendants in error.

McNEILL, J.   This is the second appeal in this case. See Beard et al. v. W. T. Rawleigh Co., 136 Okla. 165, 277 P. 657. The sole question involved in the former appeal was limited to the contended assignment of error of the trial court in sustaining a motion for judgment notwithstanding the verdict of the jury.

This court reversed the action of the trial court, and held that in the absence of special findings it was error to render such a judgment, unless the parties in whose favor said judgment was rendered were entitled to judgment on the pleadings. The cause was accordingly remanded, with directions for further action consonant with said opinion.

The facts so far as are material are short. Plaintiff in error, being plaintiff below, instituted the instant action against the defendant, W. E. Beard, to recover a judgment on an indebtedness due the plaintiff for certain merchandise consigned to said Beard under a written contract wherein J. B. Cate and Ed Martin, codefendants, defendants in error herein, guaranteed to plaintiff the payment in full of any balance due by said defendant Beard to said plaintiff under said written contract. The guarantors, Cate and Martin, effectively pleaded, as determined by this court in the former appeal, a settlement and release from liability. That issue presented a question of fact, which the jury had resolved in their favor. The trial court, however, had disregarded the verdict of the jury and rendered its judgment non obstante veredicto.

After the mandate of this court on the former appeal was received, the trial court spread the same of record on July 29, 1929, and thereupon rendered judgment in favor of the defendants Cate and Martin in accordance with the verdict of the jury. In that case the single question for determination by this court was the error, if any, of the trial court in disregarding the verdict in favor of the defendants Cate and Martin, and in rendering the judgment non obstante veredicto. This court, however, loosely employed language in the concluding paragraph of the opinion, when it said:

"As to defendants J. B. Cate and Ed Martin, the judgment should be reversed and the cause remanded, with directions to enter judgment in favor of said defendants in accordance with the verdict of the jury. As to defendants Beard, judgment should be affirmed."

This court could not properly on the appealed question make such inferable direction. However, no attempt was ever made by any of the suitors to clarify this language. The mandate was free from this objectionable feature.

The mandate was spread of record by the district court of Stephens county on June 6, 1929, and judgment was rendered thereon in favor of the defendants Cate and Martin, in accordance with the verdict of the jury. Plaintiff filed its motion for new trial within three days thereafter. Approximately ten months later, to wit, on April 24, 1930, after a consideration of briefs, the trial court overruled said motion for new trial, and the cause is again on appeal before this court.

Plaintiff limits its argument to the error of the trial court in overruling its motion

for new trial and errors of law occurring at the trial.

The defendants have filed their motion to dismiss the appeal on the ground that the appeal is frivolous. Said defendants in their motion also urge that this court in the former appeal passed upon all questions material to this appeal; that after a decision has been rendered by this court and its mandate spread of record in the trial court, and judgment rendered thereon in accordance with said mandate, there is no appeal from said judgment to this court; that all questions which were decided, or might, or should have been raised or determined in the former appeal, are res adjudicata; and that the former judgment or appeal is final and absolute.

We strip the question at issue from these technicalities and determine the appeal on its merits.

The syllabus in the former appeal properly reflects the applicable law. The trial court was of the opinion that the verdict of the jury in favor of the defendants Cate and Martin should be disregarded, and that plaintiff was entitled to judgment non obstante veredicto. It is not incumbent upon a trial court to render a judgment in accordance with every verdict of a jury. The trial court performs an essentially solemn function in the furtherance of justice. It must not be forgotten that it is an unyielding and obligatory duty of the trial court to carefully weigh the entire judicial proceedings which have occurred throughout the trial, and unless the verdict of the jury meets the responsive and affirmative approval and conscience of the court, it should not stand, and the same should be set aside and a new trial granted. Linderman v. Nolan, 16 Okla. 352, 83 P. 796; Trower v. Roberts, 17 Okla. 641, 89 P. 1113; Hogan v. Bailey, 27 Okla. 15, 110 P. 890; Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26; Wilson v. Central State Bank of Muskogee, 92 Okla. 234, 218 P. 1061; Nale v. Herstein et al., 94 Okla. 263, 222 P. 248; Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722; Burtschi v. Love, 105 Okla. 97, 231 P. 1048.

The opinion of this court on the former appeal may have misled the action of the trial court, but when the trial court rendered judgment on the verdict, then for the first time the right of the plaintiff became fixed as to the time when it was required to file a motion for new trial for the vacation of said judgment. Prior to the rendition of such judgment, there had existed no occasion or necessity for such a motion.

Counsel for plaintiff urge the insufficiency of the pleading and proof as to the interposed defense. This court in the former appeal held that a defense relative to release from liability had been pleaded. The substance of the defense was that the agent of plaintiff approached said defendants for settlement of the indebtedness of Beard; that an agreement was entered into whereby it was agreed that if defendants paid the sum of $244.32 in cash, etc., they would thereby be released from all liability under their written contract of guaranty; and that they had fully complied with this new and independent agreement, and by virtue thereof they were entitled to be released from further liability. Proof on that issue was properly submitted to the jury. The jury found adversely to plaintiff.

It is urged by the plaintiff that the defendants Cate and Martin failed to show that the representative of the plaintiff, D. L. Saltzman, who had entered into the settlement and agreement with said defendants, had authority to make such a settlement whereby said defendants could be released from liability under their contract of guaranty.

This court, in the case of Muskogee Refining Co. v. Waters-Pierce Oil Co., 89 Okla. 279, 215 P. 766, said:

"A principal is bound by the apparent, as well as by the actual or express, authority given its general agent, where third persons have in good faith acted and relied thereon."

In the case of National Surety Co. v. Miozrany, 53 Okla. 322, 156 P. 651, this court also said:

"When an agent is held out to the world as one having the authority of a general agent, any private instructions or limitations upon his authority in a particular case, not communicated or known to those dealing with such agent, will not relieve the principal from liability incurred, where the agent oversteps such limitations."

The question of agency and the scope of agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined by the jury. See Loveland v. Loafman, 92 Okla. 133, 218 P. 851; Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048; Catlin v. Reed, 141 Okla. 14, 283 P. 549; McCurtain Cotton Oil Co. v. Guthrie, 146 Okla. 144, 294 P. 133.

It is also urged that the court erred in permitting parol evidence relative to the settlement agreement which had been entered into between the defendants Cate and Martin with the representative of the plaintiff company. Counsel for plaintiff urge that this had the effect of attempting to vary the terms of a written contract. We hold to the contrary.

In Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048, this court, in the first paragraph of the syllabus, said as follows:

"The rule that parol evidence is not to be received to vary the terms of a written instrument excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasions or at a subsequent time. Such testimony is not used to vary the terms of a written contract, but to prove it has become inoperative by reason of a subsequent and independent one."

The contract of guaranty signed by said defendants provided as follows:

"We, the undersigned, do hereby jointly and severally guarantee unto said the W. T. Rawleigh Company, the above-named seller, uncondtionally, the payment in full of the balance due or owing said seller on account, as shown by its books at the date of the acceptance of this contract of guaranty by the seller, and the full and complete payment of all moneys due or owing, or that may become due or owing said seller, and all indebtedness incurred by the buyer under the terms of the above and foregoing instrument by the buyer named as such herein."

The testimony offered did not attempt to vary the terms of a written agreement, but was competent for the consideration of the jury in determining whether or not said defendants had entered into an agreement of settlement with said representative of the company. If they had entered into such an agreement and had complied with the terms thereof, they were entitled to be released from liability under their contract of guaranty, and said contract thereby became inoperative by reason of said settlement. The jury found this issue in favor of the defendants, and the court properly rendered judgment on the verdict in favor of the defendants. We find no prejudicial error. Judgment affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and WELCH, JJ., concur. ANDREWS, J., dissents.