## McCARTY et al. v. BURGHER et al.

No. 24984. Sept. 25, 1935.

Biddison, Campbell, Biddison & Cantrell, for plaintiff in error.

Woodard & Westhafer and P. L. Newton, for defendant in error.

PER CURIAM. This is an action in the Tulsa county district court, wherein there were two cases consolidated by agreement and tried to the court. The plaintiff in error was the plaintiff in one action and the defendant in the other. Likewise, the defendant in error was plaintiff in one action and defendant in the other. For the purpose of this opinion, the plaintiff in error in this court will be referred to as plaintiff, and the defendant in error will be referred to as defendant.

The consolidated cases involve the question of a strip of land in rectangular shape, 100 feet by 567.002 feet in dimensions. On the 18th day of July, 1923, one Frank C. Giddings was the owner of the fee-simple title to 80 acres of land, described as follows: West half of the northwest quarter of section thirty-five (35), township nineteen (19) north, range thirteen (13) east.

On the 18th day of July, 1923, Giddings sold 20 acres of said land, beginning at the northwest corner of said section to one Nell Constantine by warranty deed, and on April 8, 1924, Nell Constantine conveyed the said 20 acres to one Jane Steele, and on September 7, 1926, Jane Steele and her husband conveyed the said 20 acres to the defendant, Stella M. Burgher, who, with her husband, has occupied the property as their home ever since.

On June 15, 1925, Frank C. Giddings sold to the Knight Realty Company the balance of the 80 acres. On January 1, 1925, Knight Realty Company sold the property to Robert R. Park, and on September 21, 1929, Park sold the property to the plaintiff, Earnest McCarty. The property was conveyed by warranty deed in all instances as above set out and immediately recorded with the county clerk of Tulsa county.

The 20 acres owned by defendant were supposed to include all the improvements of the property, including a lake, dam and spillway. Owing to an erroneous description of the property in the first warranty deed executed by Giddings, caused by an engineering company which surveyed the property and furnished the figures for the deed, 100 feet were cut from the spillway, dam and lake, and each deed thereafter carried the erroneous figures, including the deed to the defendant.

The trial court, at the request of both parties, made findings of fact and conclusions of law, which are quite lengthy, but, briefly summed up, found as a matter of fact that Giddings, who sold the 20 acres to Constantine, agreed to, and did, have a survey made, and both Giddings and Constantine instructed the engineering company to survey said 20 acres so that the south approach to the spillway of said lake would be included within the 20-acre tract. The engineers surveyed said tract running north and south along the west side of said 80 acres and drove an iron stake a distance of 1,636.5 feet south from the northwest corner of said 80 acres, but through error the distance was written down as 1,536.5 feet. The trial court further found that the engineers, on account of the error of 100 feet in the length of said 20 acres, drove an iron stake 567.002 feet east of the first stake above mentioned, and that said second stake was placed too far east by the distance of 34.65 feet. The trial court then gave the intended description of the land as agreed to by Giddings and Constantine, and then the description contained in the deed from Giddings to Constantine, which was erroneous. The same description was used in all the deeds, including the one given the defendant. The trial court further found, "that by reason of the error of said engineering company, the length of the parallelogram under the description as furnished by the engineer was 100 feet shorter than the parties intended, consequently, was 34.65 feet broader than the parties intended."

The court further found that the lake was a valuable asset to the 20 acres, in that water was used for all domestic purposes in the home, for watering lawn, for vegetation, etc. The court further found that while Giddings still owned the remainder of the 80 acres, he and Steele constructed a party fence, beginning about a foot south of the 1,636.5 foot stake, placed there by the engineer, and recognized as the dividing line by Giddings and Steele and all subsequent owners, except the plaintiff. The

court found that all parties, including the plaintiff, McCarty, on account of the improvements and physical appearance, should have known that the fence marked the boundary line between said properties.

The court found, as a matter of law, that defendant, Burgher, was entitled to reformation of all deeds from Giddings to her, as found by his facts, and described the 20-acre tract accordingly, and that the plaintiff, Earnest McCarty, was entitled to the possession and fee-simple title to the remainder of the 80 acres.

The journal entry signed by the trial court was the very opposite to the findings of fact and conclusions of law, and gave the plaintiff, McCarty, the 100 feet in question and quieted the title in him. The journal eentry was not O. K.'d by counsel for either party to the litigation. Defendant objected to the journal entry at the time it was approved by the court. Motion for new trial was filed and heard and the trial court granted a new trial.

The question to be determined in this case is: Did the trial court abuse its discretion in granting a new trial?

1, 2. We feel that it is the settled law in this state that the granting of a new trial is left to the sound discretion of the trial court, and it will not be reversed by this court unless there is a clear abuse of that discretion. Carroll v. Morris, 143 Okla. 114, 287 P. 1039, and numerous other cases so holding.

This court has even gone so far as to say that trial courts ought to grant new trials when, in the opinion of the court, either party has not probably had a fair trial. In the case of McGhee v. Hurst, 91 Okla. 258, 217 P. 368, this court said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice. although it might be difficult in many instances for the trial court, or the parties, to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them so well as the trial court and the parties themselves understood them."

See, also, Burtschi v. Love, 105 Okla. 97, 231 P. 1048; Nale v. Herstein, 94 Okla. 263, 222 P. 248, and Wilson v. Central State Bank, 92 Okla. 234, 218 P. 1061.

The trial court, at the time of granting the new trial, explained his position by saying:

"The journal entry that I signed in this case I signed rather hurriedly. The journal entry doesn't conform to the findings."

It developed during the trial that the 20-acre tract and the remaining 60 acres were both mortgaged, and that there were other liens against the 20 acres. During the trial that fact was called to the attention of the court, and at the time of granting the new trial, the court commented on the fact that he did not have all the necessary parties made parties to the cause, and counsel for plaintiff asked the court if he was granting the new trial for the. sole reason that he did not have all the necessary parties joined in the suit, and the court said, "That is right," and after an interruption by counsel for defendant, continued, "* * * but I do say that the journal entry I signed doesn't conform, in my judgment, after having carefully considered the matter, to my findings of fact."

3. Counsel for plaintiff seriously contend that the trial court granted a new trial on the sole ground of a failure to have the necessary parties joined in the litigation, and insist that the defendant invited the error, and that plaintiff did all he could in an endeavor to have the necessary parties brought in before the trial, but we find that there was nothing in the pleading to inform the court that all necessary parties were not before it. That it was developed during the trial that there were other parties who were necessary parties. At that time, counsel for defendant requested that the mortgagees and lien claimants be made parties. This was refused. We find nothing in plaintiff's contention that the new trial was granted solely on the theory that all necessary parties were not before the court, or that defendant was estopped to claim any right to a new trial on account of the absence of necessary parties. It seems that at some period of the trial, all parties, including the court, agreed that all necessary parties were not before the court, and the court so found in granting a new trial.

The case of Atkeson v. Sovereign Camp W. O. W., 90 Okla. 154, 216 P. 467, settles the question:

"When it is made to appear that a determination of an action cannot be had without the presence of others not parties to the proceedings, and who are interested in the subject-matter of the litigation, the court may of its own motion order them brought in and made parties."

Also see Paine v. Foster, 9 Okla. 213, 53 P. 109, and Nix v. Green, 95 Okla. 247, 219 P. 380.

Counsel for plaintiff also pleaded the statute of limitations and argues the same at some length in his brief, but for the purpose of this opinion we need not go into that question.

We are of the opinion that the trial court was clearly within its sound discretion in granting a new trial, and that there would have been a miscarriage of justice had the trial court not done so. Therefore, judgment of the trial court in granting a new trial is affirmed.

The Supreme Court acknowledges the aid of Attorneys Mont Powell, Byrne A. Bowman, and R. R. Bell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Powell and approved by Mr. Bowman and Mr. Bell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.