**BENEDICT BROS. CONST. CO.**

v.

**DAVOULT.**

No. 35801.

Supreme Court of Oklahoma.

Oct. 13, 1953.

Rehearing Denied Dec. 22, 1953.

Application for Leave to File Second Petition for Rehearing Denied March 2, 1954.

Mart Brown and Clark Hurd, Oklahoma City, for plaintiff in error.

Paul Showalter and Howard K. Berry, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error and defendant in error were "defendant" and "plaintiff", respectively, in the trial court, and will hereinafter be referred to as such. Plaintiff was a welder for Wilson & Company, which engaged defendant, as an independent contractor, to perform certain construction and repairs at its Oklahoma City packing

plant. In this action, plaintiff sought damages from defendant for injuries he allegedly received from an accident which occurred during the progress of such construction and repairs. According to his petition, his injuries were inflicted by the falling of a timber brought about by defendant's negligence. Shortly after the commencement of this action, another such employee commenced in the same court the same kind of an action for personal injuries allegedly suffered from the falling of the same timber, which said action was Cause No. 124,998, entitled "Paul E. Wilhite, plaintiff, v. Benedict Brothers Construction Company, a Corp., defendant." Later, the present action was tried before a jury, resulting in a unanimous verdict and judgment for defendant. During a noon recess in the trial of the above mentioned Wilhite case (in which defendant was represented by the same attorneys that represent it in this case) and before Wilhite had concluded his evidence therein, he and defendant through their attorneys agreed upon a settlement of the case. Accordingly when the jury returned to the court room to resume its consideration of the case, it was apprised of the settlement and was discharged. Thereupon a "confession of judgment" by defendant was recorded in the Court Clerk's minutes, and an agreed Journal Entry of Judgment in plaintiff's favor, approved by both litigants' attorneys, was signed and filed. This journal entry misleadingly reads as if the case had been fully tried by the court, a portion of which is as follows:

" * * * and both parties announcing ready for trial and a jury being waived in open court, the court proceeded to hear the evidence of witnesses and argument of counsel. And the court being fully advised, on consideration, finds that the plaintiff has sustained the allegations of his petition and is entitled to judgment accordingly."

The above described settlement of the Wilhite case occurred while plaintiff's motion for a new trial was pending in the present case. Thereafter plaintiff filed what was termed a "Supplemental Motion For New Trial" in which he added to the statutory grounds for a new trial contained in his original motion, the following:

"Plaintiff complains in paragraph 3 of the motion for new trial 'that the verdict is not sustained by sufficient evidence and is contrary to law.' In this connection plaintiff cites, and calls to the court's attention, the verdict and judgment rendered in this court on March 18, 1952, in case No. 124,998 and entitled Paul E. Wilhite v. Benedict Brothers Construction Company, a corporation. The facts in the Wilhite case as disclosed by the evidence were identical with those in the cause wherein this new trial is being sought. The same witnesses were used and the same evidence, in substance, was introduced and relied upon. At the conclusion of the plaintiff's evidence, in the Wilhite case the defendant admitted liability and confessed judgment in open court with the result that judgment, with consent of the parties to the action, was entered upon the judgment roll of the court. Plaintiff submits that reason in equity, requires that the development in the Wilhite case be considered as conclusive where plaintiff's complaint herein, against the propriety of the verdict rendered by the jury in his case, is concerned; that the court should find that the verdict in the earlier case is contrary to and is not sustained by the evidence, and the law."

Upon the hearing of the original and supplemental motion for new trial, the court entered an order sustaining same. The journal entry of said order incorporated therein the remarks of the trial court when the order was pronounced and other parts of the record as follows:

"The Court: The court having heard the argument on the motion for new trial, finds that the case at bar was a damage suit tried in the District Court of this County, and in this division, to a jury, resulting in a verdict for the defendant;

"That in cause No. 124,998, styled Paul E. Wilhite, plaintiff, vs. Benedict Brothers Construction Company, a corporation, this case was a damage suit arising out of the same transaction;

"That the plaintiff, Paul E. Wilhite, sustained an injury to his head and the plain-

tiff, Homer Davoult, sustained an injury to his right arm and shoulder; that the same piece of timber, falling from the construction carried on by the defendant, Benedict Brothers Construction Company, a corporation, struck both men;

"That in the Wilhite case, No. 124,998, a jury was empanelled and after the trial had proceeded for some time the parties reached a settlement. The jury was waived, the evidence was heard and the court found in the Journal Entry of Judgment in the Wilhite case that the plaintiff had sustained the allegations of his petition and was entitled to judgment.

"This Journal Entry of Judgment was approved by Paul F. Showalter, attorney for plaintiff, and Mart Brown, attorney for defendant.

"The Court, after having heard the argument, has reached the conclusion that there was a miscarriage of justice in the Davoult case, because he was struck by the same piece of timber that Wilhite was struck by and the proof showed that he had certain injuries.

"By reason thereof, the motion for new trial is sustained and a new trial is granted.

"The Court: Yes, sir.

"Mr. Brown: If Your Honor please, I believe you did not intend to leave the impression I got when you stated this: You said 'After the jury was empanelled' and I believe you said we tried the case awhile, anyway quite a bit of evidence had been put on, and you said that we then reached a compromise settlement.

"The Court: Well, you reached a settlement.

"Mr. Brown: Yes. Then you stated that a jury was waived.

"The Court: Well, you agreed that the jury might be dismissed and that I might hear the evidence.

"Mr. Brown: Well, now, if Your Honor please, there was no further evidence heard.

"The Court: Well, the evidence had been heard. Let's correct that. In other words, you agreed that I might decide the matter and you okayed this journal entry.

"Mr. Brown: Oh, no.

"The Court: Well, here is the judgment. It speaks for itself.

"Mr. Brown: We weren't submitting it to your Honor for a decision. We merely entered into an agreed judgment. After the jury was dismissed, this matter was not then submitted to Your Honor for decision. We had already reached an agreement. You merely * * *.

"The Court: Well, what did you hand me this journal entry for?

"Mr. Brown: To sign.

"The Court: That's the judgment.

"Mr. Brown: But you didn't hear any evidence from us at all.

"The Court: I had heard the evidence introduced to the jury. I didn't mean to say that we backed up and heard the evidence over again. I didn't mean to say that, but I had heard the evidence and knew what it was * * *."

Defendant has herein appealed from said order and/or judgment.

In its brief, defendant maintains that the above order shows by its own terms that the trial court not only abused his discretion and acted arbitrarily and capriciously in setting aside the verdict and the judgment in accord therewith, but that in granting plaintiff a new trial for the reason stated therein, it also erred as a matter of law.

There is no dispute as to the fact that in the Wilhite case the court merely entered an agreed judgment and made no actual or real judicial determination upholding Wilhite's or anyone else's alleged cause of action or right to recover against defendant, by reason of the accident involved herein. Counsel for the plaintiff in the present case do not deny that there, the Judge's signing of the Journal Entry of a purported "judgment" was purely a ministerial act agreed upon and requested by both of the litigants therein to place their settlement of record. Defense counsel points out that in the court's remarks at the time he sustained plaintiff's motion for a new trial he refers to no errors committed in the trial of this case, which as distinguished from the Wilhite case, was fully heard and determined by a jury.

They further say that in said order, the trial court in no way indicated that plaintiff's cause of action failed to obtain a fair trial; and they ask this question:

"Is the trial court's discretion so broad, or his authority so complete, that he could validly set aside a unanimous jury verdict without indicating some unfairness or legal error occurring at the trial within the purview of the statutory grounds for a new trial as set out in Title 12 O.S.A., Sec. 651?"

They submit that the kind of a judgment entered in the Wilhite case could constitute no valid ground for granting a new trial in this case, because in law such compromise and settlement of Wilhite's alleged claim or cause of action constituted no admission of liability even to Wilhite, much less to anyone else, such as the plaintiff in this case; that such settlement merely admits that there is a dispute and that an amount is being "paid to be rid of the controversy; * * *" citing 15 C.J.S., Compromise and Settlement, § 22, page 737. They further point out that when two or more persons are injured in the same accident, evidence of a compromise with one is not even admissible in the other's action, and then they pose the question: If the Wilhite consent judgment could not legally be shown in this action, how could it be a basis for granting plaintiff a new trial herein?

We are of the opinion that defendant's argument has ample merit. Our only question is, how, under the previous decisions of this court should such merit be recognized and given effect? In arriving at an ultimate determination herein, we are confronted, first, with determining the scope of our review of the trial court's judgment, and, second, with determining the rules or legal criteria by which a correct decision in such review should be reached.

■ As to the first phase, there is some confusion and lack of harmony not only in our own decisions but in those of other courts as well. See 5 C.J.S., Appeal and Error, § 1464g(1) (a), Notes 84–89, pages 90–93; 95–99, all inclusive. Thus among the decisions digested in 2A Okl. Dig. Appeal & Error, ■ beginning with James v. Coleman, 64 Okl. 99, 166 P. 210, and ending with St. Louis-San Francisco Ry. Co. v. Howard, 171 Okl. 561, 43 P.2d 402, this court has indicated that it makes little difference if the trial court, in granting a new trial, gives a wrong reason for so doing, that his action will not be disturbed, if the record shows that a new trial should be had. And, in Alexander v. Alexander, 179 Okl. 614, 67 P.2d 33, this court continued its previous indications that such a ruling may be upheld, even though no statutory grounds for a new trial existed, by holding that a statute constitutes no limitations on the inherent power of the courts.

In Russell v. Margo, 180 Okl. 24, 67 P. 2d 22, it was held:

"Where it is sought on appeal to reverse an order of the trial court granting a new trial, *where the issues raised necessitate such an examination,* this court will examine the entire record in the case to determine whether or not the trial court has, in granting such new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law." (Emphasis added.)

Then in Shreve v. Cornell, 182 Okl. 193, 77 P.2d 1, it was held that on review of an order sustaining a motion for a new trial that specifies therein the reasons said motion was sustained, this Court will confine its review to said reasons. This is the rule that has been followed in such appeals since. See Carpenter v. Buellesfeld, 187 Okl. 213, 102 P.2d 119.

In Cooke v. Sinopoulo, 194 Okl. 352, 151 P.2d 791, the situation was summed up substantially as follows: Where the reasons for sustaining a motion for new trial are assigned by the trial court, review will be confined to such reasons, and if they require an examination of the record to ascertain whether said court erred, this court will make such examination. It would thus appear from the rules above cited that if in its order granting a new trial in the present case, the trial court excluded the question of whether the evidence in this case was such as to sustain the jury's verdict for the defendant, and if that question is not an issue in this ap-

peal, then this court is not herein required to determine it. In plaintiff's brief, he says nothing about the evidence and makes no effort to demonstrate that it does not warrant or support the verdict for the defendant or that a new trial was warranted on any of the statutory grounds set forth in his motion therefor. He merely says that he should have a new trial because the trial court so ordered, and confidently argues that this court will not disturb that order, both because it cannot be seen "beyond all reasonable doubt" that in entering it, the court manifestly and materially erred with respect to some pure, simple and unmixed question of law, McGhee v. Hurst, 91 Okl. 258, 217 P. 368; Nale v. Herstein, 94 Okl. 263, 222 P. 248; and because it does not "affirmatively" appear that the trial court abused the broad discretion accorded such courts in such matters. Behne v. Lemke, 205 Okl. 623, 239 P.2d 1032; Fisher v. Hopkins, 205 Okl. 134, 235 P.2d 944. Therefore, if we find that the reason or reasons given by the trial court for granting plaintiff a new trial are untenable and, in so doing he has excluded consideration of the sufficiency of the evidence, then the judgment and order complained of must be reversed.

In taking refuge in the broad judicial discretion of the trial court (which has sometimes been referred to as the "conscience" rule, and severely criticized. See Federal Surety Co. v. Little, 156 Okl. 75, 9 P.2d 447, and the dissenting opinions in Shreve v. Cornell, supra) plaintiff's counsel emphasizes the hereinbefore quoted remark of the trial judge that:

"* * * there was a miscarriage of justice in (this) the Davoult case * *" and without disputing defendant's contention that the trial court was unwarranted in considering any of the evidence in the Wilhite case to determine whether or not a new trial should be granted in this case, they argue that the record does not affirmatively show that this is what occurred in the trial judge's mind. They seem to be of the opinion that regardless of what may have influenced his decision to grant a new trial, since he heard all of the evidence the jury heard, he has a perfect right to disa-

gree with its verdict, which, if it does not meet with his "responsive and affirmative approval and conscience", Shreve v. Cornell, supra, he can set aside in the exercise of the broad discretion he possesses in such matters. Though we are cognizant of the various presumptions of correctness that attach to the judgments and orders of the trial court on appeal, and we have noted the extent to which some courts have gone in giving such judgments an interpretation that would not exclude any valid reason or reasons for which a new trial might properly have been ordered, see for instance Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A.L.R. 1073, this court in Anderson v. Chrisman, 37 Okl. 73, 130 P. 539, held: "When the court in granting a new trial specifies fully and in detail the reason upon which the act is based, it will be presumed that the reason thus stated is the only one upon which the court acts." This case has been cited as one authority for the rule that in passing upon the order, the appellate court is necessarily confined to the precise reasons given by the trial court for its action. See Young Mines Co., Ltd., v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247. We are of the opinion, upon consideration of the trial court's pronouncement as a whole, that the true and only reason plaintiff's motion for a new trial was sustained in this case, was that Paul Wilhite had obtained damages or recompense for personal injuries he had allegedly suffered in the same accident plaintiff's injuries are said to arise out of. In our opinion, when the trial judge qualified his expressed conclusion: "* * * that there was a miscarriage of justice in the Davoult case * * *" by saying: "Because he was struck by the same piece of timber that Wilhite was struck by * *" (Emphasis added), he thereby excluded all question of the sufficiency of the evidence in this case. We think his remarks as a whole render it manifest that his decision to grant plaintiff a new trial was not based upon any previous weighing or consideration of the evidence in this case, but was based entirely and exclusively on the mistaken idea or recollection that Paul Wilhite had recovered damages for per-

sonal injuries from the same cause and negligence of which plaintiff complained. Thus, whether the court's error be called an error upon an unmixed question of fact, an unmixed question of law, or a mixed question of law and fact, it must be considered fatal. In this connection, consider Federal Surety Co. v. Little, supra. If the trial judge had sustained plaintiff's motion for a new trial stating merely that he could not conscientiously approve it under the evidence in this case and we had found the evidence to be conflicting and such as to support a verdict and judgment for either party, then we would have affirmed his order as being within his proper discretion. But that is not the situation here where the trial judge hinged his conclusion upon what he seems to have thought occurred in another case.

Judgment reversed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, O'NEAL and WILLIAMS, JJ., concur.

CORN, J., dissents.