## CURTIS et al. v. BANK OF DOVER et al.

No. 15622—Opinion Filed Nov. 3, 1925.

(Syllabus.)

**1. New Trial—Effect of Granting Motion— Retrial Necessary Before Judgment.**

Where a law case is tried to the court without the intervention of a jury and judgment rendered for the defendants, and the court thereafter sustains the motion for a new trial, the case stands as though it had never been tried, and the court is without authority to render judgment in favor of plaintiff without a retrying of said cause.

**2. Appeal and Error — Refusal to Vacate Judgment as Abuse of Discretion.**

An application to set aside a judgment for plaintiff, filed during the term at which it was rendered, is addressed to the sound, legal discretion of the trial court, and where the facts show that a judgment was rendered on testimony taken at a former trial without the knowledge or consent of the defendants or their attorneys, the same should be set aside.

**3. Trial—Right to Hearing on Merits.**

It is a policy of the law and of the courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by the Bank of Dover against Ezra Curtis and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Daniel W. Lewis, guardian ad litem, and Harry C. Brownlee, for plaintiffs in error.

Boynton & Reilly, for defendants in error.

CLARK, J. This case is appealed from the district court of Kingfisher county, and the parties will be designated as in the court below.

The plaintiff, the Bank of Dover, brought an action in the district court of Kingfisher county against the personal representatives of J. L. Curtis and Emma Curtis, deceased, and their minor and adult children to foreclose a mortgage against farm property occupied as a homestead. The case was tried to the court without the intervention of a jury, and on the 30th day of May, 1923, judgment was rendered in favor of the defendants. Plaintiff filed a motion for a new trial, which was sustained on the 1st day of March, 1924, and the former judgment of the court vacated and set aside. Upon granting the motion for a new trial, the court, without another trial of the case,

proceeded to render judgment in favor of the plaintiff. The journal entry recites:

"And now by consent the case is resubmitted upon the same evidence upon which it was originally tried."

On the 31st day of March, 1924, and during the same term of court, the minor defendants, by their guardian ad litem, filed a motion to vacate the judgment and, among other grounds, assigned that they did not consent to the resubmission of the case upon the same evidence upon which the case was originally tried, and that until they received a copy of the judgment several days later they did not know that any judgment had been rendered other than the one sustaining the motion for a new trial.

These averments are supported by the affidavits of D. W. Lewis, guardian ad litem, H. J. McCann, guardian, and Allen Curtis, one of the adult heirs. On the 17th day of April, 1924, this motion was heard and overruled, and movants excepted and gave notice of appeal.

Plaintiff has filed a motion and an amended motion to dismiss this appeal, which we have carefully considered and denied, and a detailed discussion of the same in this opinion could serve no useful purpose. Plaintiff offered no evidence in denial, explanation, or qualification of said motion, but appears to have contented itself with the recital in the journal entry heretofore quoted.

It was within the discretion of the trial court to overrule the motion, and unless that discretion has been abused it will be the duty of this court to affirm its action. The rights of minor litigants are the peculiar object of the care and protection of courts of conscience, and where these rights are involved, and it becomes necessary for their protection, the court will not hesitate to afford that protection by vacating a judgment which bears on its face the evidence of irregularity, and which irregularity the uncontradicted evidence offered in support of the motion to vacate amply sustains.

The guardian ad litem was present at the time motion for a new trial was sustained, but did not consent that the case be resubmitted upon the same evidence upon which it was originally tried, and had no knowledge of any other proceedings or any further judgment until several days later, when he received what purported to be a copy of the judgment which was entered on the journal. Said journal entry was not o. k.'d by him and was not presented to him for his o. k. The guardian ad litem was not present, and

had no knowledge that the judgment had been rendered against his wards for a number of days thereafter, notwithstanding the fact that the journal entry shows his presence.

Allen Curtis, one of the adult heirs, was present when the motion for a new trial was sustained, and he in no wise consented that the case might be resubmitted on the evidence already introduced and had no knowledge that any further judgment had been rendered until sometime thereafter.

When a motion for a new trial is sustained, and there is no appeal, the status of the case immediately becomes that of a case that has never been tried, and while by consent of the parties the court might proceed to retry the case upon the same evidence upon which it was originally tried, yet when such consent is controverted, it must be made to appear by clear and convincing evidence that the same was given, and a recital in a journal entry to this effect is not conclusive, but may by evidence be overcome.

We are of the opinion that the motion should have been sustained and the judgment retrying the case set aside. The judgment of the lower court overruling the motion to set aside and vacate its former judgment is reversed, and the cause remanded to the district court of Kingfisher county, with directions to grant plaintiffs in error a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 29 Cyc. p. 1028 (Anno). (2) 4 C. J. pp. 839, 840, § 2834; 34 C. J. pp. 275, § 495; 365, § 580. (3) 38 Cyc. p. 1296.