## BROMIDE CRUSHED ROCK CO. v. DOLESE BROS. CO. et al.

No. 16672—Opinion Filed June 8, 1926.

(Syllabus.)

1. **Railroads—Sidetracks for Private Business — Orders of Corporation Commission as to Constructions.**

Private persons or corporations owning industries within reasonable distances of the tracks of railways may secure the necessary sidetracks or switches to accommodate their particular industries whenever the amount of business reasonably to be afforded the railway is sufficient to justify the same, and said railway may be required to furnish the switchstand and frog and other necessary material for connecting said sidetrack or switch with the track of such railway, under such reasonable conditions and regulations as the Corporation Commission may prescribe.

2. **Corporation Commission—Scope of Powers.**

The Corporation Commission has only such authority as is specifically given it by the Constitution and statutes.

3. **Railroads—Obligations to Public—Equal Facilities to Shippers.**

Railroad companies are quasi public corporations created for the purpose of exercising the functions and performing the duties of common carriers. These duties are defined by law, and in accepting their charters they necessarily take with them all the duties and liabilities annexed thereto; and they are required to supply patrons similarly situated equal facilities for the transportation of all business offered and to deal fairly and impartially with such patrons. And they have no right to contract with a corporation or an individual to give exclusive rights to the use of any portion to their general system of railway which may be prejudicial to the other patrons or the public in general.

4. **Corporation Commission — Appeal—Presumption as to Findings of Fact.**

Findings of fact of the Corporation Commission are to be regarded as prima facie, just, reasonable, and correct, but such presumption does not obtain where there is no competent evidence to support such finding.

5. **Railroads—Private Switch Track to Rock Crusher—Right of Owner to Exclusive Use.**

Where a private switch track is constructed from the tracks of a railway to a rock crusher near said tracks and all labor done and material used in the construction thereof is done and furnished by said private individuals, the Corporation Commission is without jurisdiction to authorize another industry to use said tracks without the consent of the owner.

6. **Railroads — Right to Sell Terminal Switch to Landowner.**

The sale of a terminal switch by a railroad to the owner of the land over which it is laid does not violate any public obligation of the railroad.

Appeal from Corporation Commission.

Proceeding by Dolese Brothers Company against the Kansas. Oklahoma & Gulf Railway Company et al., in which the Bromide Crushed Rock Company intervened. From an order in favor of the complainant, the intervener appeals. Reversed, with directions.

Jones & Randolph, for plaintiff in error.

H. D. Driscoll, Cottingham, McInnis & Green, F. G. Anderson, and M. M. Gibbens, for defendants in error.

MASON, J. This is an appeal prosecuted by the Bromide Crushed Rock Company from an order of the Corporation Commission entered on the complaint of Dolese Brothers Company which was filed against the Kansas, Oklahoma & Gulf Railway Company, and in which the Bromide Crushed Rock Company intervened.

The Kansas, Oklahoma & Gulf Railway Company operate a line of railway which extends across the state of Oklahoma from a point on the northern border near Baxter Springs, Kan., to a point on the southern border near Dennison, Tex. The nearest point on the main line of said railway is approximately four miles from and connected with the town of Bromide, Okla., by a branch line over which regular railway service is furnished to said town.

It appears that about the time said branch line was constructed, a switch track was built which extended in a northwesterly direction for approximately one mile from the terminus of said branch line, in the town of Bromide, to a rock crusher owned and operated by J. W. Hoffman, who furnished large quantities of crushed rock for ballasting said railway. The record does not disclose definitely who constructed this switch at that time, although the evidence tends to show that it was constructed by Hoffman.

During the year 1916, and after said switch had been used for about four years, it was abandoned and the rails and ties were removed and the roadbed and culverts permitted to disintegrate for several years.

About the year of 1919, the Viola Crushed Rock & Lime Company rebuilt the grade, constructed culverts and relaid ties and rails and again put said switch in a serviceable condition under a written contract with the railway company under the terms of which the railway company leased the rails and other track equipment to the Viola Crushed Rock & Lime Company for $150 per year. Sometime thereafter the Viola Crushed Rock & Lime Company, which had erected a rock crusher at the end of said switch, sold all its rights in said crusher and in said switch track to the Bromide Crushed Rock Company, who have operated the same since that time.

It also appears that subsequently the Dolese Brothers Company acquired a tract of land near that of the Bromide Crushed Rock Company upon which it contemplated erecting a rock crusher, from which it desired to construct a spur track connecting with said railway.

Dolese Brothers Company then instituted this proceeding before the Corporation Commission against the Kansas. Oklahoma & Gulf Railway Company, and its receivers, to secure an order of the Corporation Commission authorizing it to connect said spur track with the switch track above referred to—said connection to be made at a point about 1,600 feet from the terminus of the branch line at Bromide.

The Bromide Crushed Rock Company, in its interplea, which was in the nature of a response, alleged, in substance, the facts as herein set forth relative to the building and using of the switch track from the town of Bromide to its crusher. That it had spent large sums of money constructing and maintaining said track; that Dolese Brothers had made no effort to arrange with it for joint use of said track, nor had said company offered to share the expenses incident to the construction and maintenance thereof. It was further alleged that Dolese Brothers Company had not constructed a rock crusher. quarrying plant, or track from its lands to the switch serving the intervener.

The intervener then challenged the jurisdiction of the Corporation Commission to make the order prayed for by the complainant. for the reason that the railway track with which complainant sought to connect was a private track of the intervener, and for the further reason that the complainant had not complied with the provisions of section 33, article 9, of the Constitution of Oklahoma. relative to the procedure for an industry desiring switch track connections with the rails of a common carrier.

A hearing was had before the Commission, at which evidence was taken. The Commission overruled interpleader's objection to its jurisdiction to make the order prayed for and issued its order in which it found that the switch track between the railway terminus at Bromide and the crusher of the Bromide Company was the property of the railway company; and that the contract between the railway company and the Bromide Crushed Rock Company was void, and order-

ed the switch connection made at the expense of Dolese Brothers Company. Said company was ordered to pay the expenses of constructing the new spur and to pay the Bromide Company $200, to reimburse it for a portion of the money expended in constructing and maintaining the main switch track.

The Bromide Crushed Rock Company has duly perfected its appeal to this court and presents the same questions that were raised in its response as above set forth. The railway company does not appeal.

Under section 33, article 9, of the Constitution of Oklahoma, private persons or corporations owning certain industries within reasonable distances of the tracks of railways may secure the necessary sidetracks or switches to accommodate their particular industries whenever the amount of business reasonably to be afforded the railway is sufficient to justify the same, and said railway may be required to furnish the switch stand and frog and other necessary material for making connection with such sidetrack and shall make the same under such reasonable terms, conditions, and regulations as the Corporation Commission may prescribe.

The first question to be considered, as we view the case, is who owned the switch track to which Dolese Brothers Company desired to connect their spur? If it belonged to the Bromide Crushed Rock Company, which is not a transportation or transmission company, and not engaged in the business of a common carrier, the Commission had no authority to make the order complained of. This is true, regardless of the fact that the Commission may have required Dolese Brothers Company to pay a consideration therefor to the Bromide Crushed Rock Company. It would not be contended, we take it, that the Corporation Commission would have jurisdiction if said track was the private property of the plaintiff in error. The Corporation Commission has only such authority as is specifically given it by the Constitution and the statutes, and we know of no provision that authorizes it to take or exercise control over property other than that of public service companies. It has no jurisdiction over condemnation proceedings or the taking of property by the right of eminent domain.

Railroad companies are quasi public corporations, created for the purpose of exercising the functions and performing the duties of common carriers. These duties are defined by law, and, in accepting their charters, they necessarily take with them all the duties and liabilities incident thereto; and they are required to supply to patrons similarly situated equal facilities for the transportation of all business offered and to deal fairly and impartially with such patrons. McCoy v. Railway Co., 13 Fed. 5; Munn v. Illinois, 94 U. S. 126, 24 L. Ed. 77; Bedford-Bowling Green Stone Company v. Oman (Ky.) 73 S. W. 1038. And they have no right to contract with a corporation or individual to give exclusive rights to the use of any portion of their main line or general system of railway which may be prejudicial to other patrons or the public in general.

Was the switch in question the property of the railway company or the Bromide Crushed Rock Company?

The Commission found that it was the property of the railway company and that the contract with the plaintiff in error was void. This was done, no doubt, under the impression that the railway company was the owner of both the right of way and the switch track and that the exclusive use thereof had been transferred to the plaintiff in error.

Under section 22, article 9, of the Constitution of Oklahoma, the action of the Commission is to be regarded as prima facie just, reasonable, and correct. If there is any evidence reasonably tending to support the order of the Commission, the prima facie presumption in its favor obtains and the burden is upon the appellant. Atchison, T. & S. F. Ry. Co. v. State et al., 28 Okla. 476, 114 Pac. 721. But prima facie is a presumption arising upon the finding of the Corporation Commission, subject to be overcome or rebutted by the facts in the record as weighed and found by the court on review. A., T. & S. F. Ry. Co. v. State et al., 23 Okla. 210, 100 Pac. 11; M., K. & T. Ry. Co. v. State et al., 24 Okla. 331, 103 Pac. 613; K. C., M. & O. Ry. Co. v. State et al., 25 Okla. 715, 107 Pac. 912; Ft. Smith & W. R. Co. v. State, 25 Okla. 866, 108 Pac. 407; St. L. & S. F. Ry. Co. v. State, 25 Okla. 420, 106 Pac. 818; St. L. & S. F. Ry. Co. v. Williams et al., 25 Okla. 662, 107 Pac. 428; Ft. Smith & W. Ry. Co. v. State, 25 Okla. 866, 108 Pac. 407.

The complainant, Dolese Brothers Company, had the burden of establishing the ownership of said switch in the railway company before it could prevail, but in this it failed completely.

The record is silent as to the ownership of the right of way occupied by said switch either at the time it was originally constructed or at the present time. The rail-

way may have secured the same by the right of eminent domain or it may have been purchased by Mr. Hoffman. Although the title may originally have been secured by condemnation, yet the switch was abandoned in about the year of 1916, for several years, and the title thereto may have reverted then to the original owners or their successors.

In addition to this, the record conclusively shows that all the labor in rebuilding the grade, constructing culverts, laying the ties and rails and everything else in connection with rebuilding said switch was done by the vendor of the plaintiff in error and that the railway furnished no labor or materials in such work. The fact that the rails were rented from the railway for a consideration would have no bearing on the ownership of said switch.

The Bromide Company had complete control over the track, and if it so desired, could have removed the rails and other material at any time. The railway company had no such authority, except that under the terms of the contract it might remove the rails if the plaintiff in error failed to pay the rental therefor.

The facts in the instant case are very similar to those in the case of Bedford-Bowling Green Stone Co. et al. v. Oman et al. (Ky.) 73 S. W. 1038. The railroad switch there involved was built by the White Stone Quarry Company, and in so doing they entered into a contract with the Louisville & Nashville Railroad Company by which it leased all of the material which went into it from the railway company, upon a stipulated rent to be equal to six per cent. per annum on the value of the material furnished; the Quarry Company to keep the roadway in good condition, either by doing the work itself or paying the railroad company for what it might do in this regard. (The foregoing conditions of the contract are identical with those of the case at bar.) Thereafter, the property having passed into the ownership of the Bedford-Bowling Green Stone Company, a new contract was made between it and the railroad company, in which all the terms of the original contract relative to furnishing materials, performing work, keeping the track in repair and paying rental were recited. The contract then provided that in consideration of the increased amount of business to be furnished the railway, the stone company should be released from paying further rentals and the railway company would keep the track in repair without cost to the Stone Company. It was also agreed that the railway company

could cancel the contract under certain conditions. Other persons operating a stone quarry near said switch commenced the action in the state courts of Kentucky against the Bedford-Bowling Green Company and the railway to require the railway to accept their freight over said switch. On appeal, the state Court of Appeals held that the Stone Company had relinquished its right to said switch and that the railway company, having complete control and management thereof, was bound by the acceptance of its charter to serve all patrons and the public impartially and without discrimination. The court held, however, that such other persons could not trespass upon the lands of the Bedford Company for the purpose of reaching said switch. Sometime after that the railway company and the Bedford-Bowling Green Company abrogated said contract and the railway company sold said spur track and all materials therein to the Bedford-Bowling Green Company and relinquished all control and management thereof.

The original controversy then found its way into the federal circuit court for the western district of Kentucky, which held as follows:

"Persons who have no property rights in a private switch over another's land cannot compel the latter to permit the railroad to receive and ship their freight over the switch to the railroad's own track.

"A contract by which a railroad operates. in its capacity as common carrier, a switch over private property, may be abrogated at will by the railroad and the owner of the property, and the switch may be sold to the latter.

"A common carrier cannot be required to receive freight on or along a private switch. but its duty in that regard is confined and limited to its own depots or shipping and receiving points." Bedford-Bowling Green Stone Co. v. Oman et al., 134 Fed. 441.

The case was then appealed to the Circuit Court of Appeals, Sixth Circuit, and the above judgment was affirmed and the following rule announced in the second paragraph of the syllabus: "The sale of a terminal switch by a railroad to the owner of the land over which it is laid does not violate any public obligation of the railroad." See Oman v. Bedford-Bowling Green Stone Company, 134 Fed. 64.

The foregoing decisions were based upon the conclusion of the court that the switch there involved was not the property of the railroad company, but was the property of the Bedford-Bowling Green Stone Company, and that the contract for the sale of said

switch was valid. By applying the same reasoning to the case at bar, the switch under consideration was not the property of the railroad company, but was the property of the plaintiff in error, Bromide Crushed Rock Company. In addition to this, as we view the instant case, it might be conceded that the right of way occupied by said switch was the property of the railway company, yet all the material and labor used in its construction were furnished by the plaintiff in error. Such use of the right of way by the plaintiff in error may have been an abuse of the authority under which it was obtained, but this certainly could not confer jurisdiction on the Corporation Commission to take the private property of the plaintiff in error and turn it over to the use of another without the consent of the owner. We are also of the opinion that the contract between the railway company and the plaintiff in error was valid.

The Dolese Brothers Company, by complying with the provisions of section 33, article 9, of the Constitution of Oklahoma, may secure a connection between its spur track and the track of the defendant in error railway company, but no matter how great its necessity may be, it has no right to use the track here involved for any purpose whatever, unless by the consent of the plaintiff in error.

We deem it unnecessary to discuss the other questions presented by the plaintiff in error.

For the reasons above stated, the order of the Corporation Commission is reversed, and the cause remanded, with instructions to the Commission to dismiss the complaint.

HARRISON, LESTER, HUNT, and RILEY, JJ., concur. BRANSON, V. C. J., dissents.