THE STATE OF FLORIDA, ex rel. A. S. WELLS, E. S. MATTHEWS, and MAMIE G. EATON, as Railroad Commissioners of the State of Florida, *Realtors,* v. WESTERN UNION TELEGRAPH COMPANY, a Corporation, *Respondent.*

En Banc.

Opinion filed August 1, 1928.

*Theo T. Turnbull,* for Relators;

*John E. & Julian Hartridge, Loftin, Stokes & Calkins, Francis R. Stark* and *R. H. Overbaugh,* for Respondent.

TERRELL, J.—This is a proceeding by mandamus on the part of the Railroad Commissioners of Florida to require the Western Union Telegraph Company, a corporation, to install and operate a telegraph station in the town of Apopka for the receipt and dispatch of commercial telegraph messages. The material part or command of the alternative writ is as follows:

"To install and put into practical operation at Apopka, in the State of Florida, in or near the business center of such city, a conveniently located telegraph office for the receipt and dispatch of commercial telegraph messages to and from said city and maintain the same in operation during reasonable hours, and until further order of the Railroad Commission."

There was a motion to quash the alternative writ predicated on the following grounds:

1. There is no valid statute giving the railroad commission power to require the installation of a telegraphic station.

2. Even if the statute gives the railroad commissioners power to compel the installation of a station in a given locality, it does not give them the power to designate the location in such locality, as they attempt to do in the case at bar, by requiring the respondent to install a station in or near the business center of Apopka, Florida.

3. That the railroad commission under no circumstances has the power to require the removal of a telegraphic station from one location to another location in the same town.

Relators are proceeding. under the provisions of Chap. 6525, Acts of 1913 (Sec. 4394 to 4420 inclusive of the Rev. Gen. Stats. of Florida.) Inspection of these provisions of the law can leave no doubt that the railroad commission is clothed with power to regulate telegraph companies. It is also manifest that such regulation can under no circumstances be merged into control or operation but by the very terms of the statute must be "fair, just, reasonable and sufficient" and must be "reasonably necessary for the public convenience and not unjustly burdensome to the company." (Sec. 4395 and 4406, Rev. Gen. Stats. of Florida.) Whether or not the regulation or the service required is fair, just, reasonable and sufficient and reasonably necessary for the public convenience and not unjustly burdensome to the company must be determined by facts in the particular case and is subject to review by the courts.

It is well settled that corporations performing a public or quasi-public service may under the police power of the State be regulated in the interest of public convenience and necessity. Such regulation must, however, bear reference to the comfort, safety and welfare of society; it must not conflict with the provisions of the corporate charter or under the guise of regulation take from the corporation any of the essential rights and privileges which its charter confers. They must be police regulations in fact and not amendments of the charter in curtailment of its corporate franchise. Cooley's Constitutional Limitations, 6th Ed. 810.

By the way of the subject matter of regulation telegraph companies cannot be regulated by the same rule, mode or prescription that railroads and other common carriers are regulated. The nature and character of the service performed is different, the manner in which it is performed

is different and the law regulating its performance is different in many respects. In determining whether or not a regulation like that brought in question here is reasonable and not unjustly burdensome to the telegraph company all these differences must be considered.

The powers of the railroad commissioners are restricted to those conferred by the express terms of the statute or those which may be reasonably implied from such express terms. State, ex rel. Burr v. Jacksonville Terminal Company, 90 Fla. 721, 106 So. R. 576. So far as we have been able to find the decided tendency of modern decisions in constructing statutes defining the powers and duties of administrative boards or commissions is to hold that the power sought to be exercised must be made to affirmatively appear before it can be legally exercised. Board of Railroad Comm'rs. of Oregon v. Oregon Ry. & Nav. Co. 17 Ore. 65, 19 Pac. R. 702, 2 L. R. A. 195, 25 R. C. L. 791.

In the matter of installing telegraph stations the statute (Sec. 4406, Rev. Gen. Stats. of Florida) in effect provides that the raidroad commissioners shall have power to require their installation and maintenance where reasonably necessary for public convenience if not unjustly burdensome to the company. There is nothing in the statute which authorizes the commission to point out the exact location or point in the community where the telegraph station shall be located or to require the removal of such station from one location in the community to another.

In the instant case the alternative writ shows that respondent has an arrangement with the Seaboard Air Line Railway Company whereby all commercial telegraph messages received or dispatched at Apopka are handled through the office of said railway company by the agent of said railway company during such time as the station of said railway company is kept open. It is not alleged that the

service so rendered is not ample and all that is reasonably necessary for the public convenience of the community served. So far as we are advised this is the method usually adopted in the ordinary community of the size of Apopka for handling telegraphic messages. If this was not the rule it would be "unjustly burdensome to the company" to provide telegraphic service to a large majority of such communities. It is pointed out in brief of counsel but this Court takes judicial knowledge of the fact that the last census gave Apopka a population of slightly more than one thousand people. It is not alleged or attempted to be shown that any peculiar or unusual conditions exist at Apopka that would in the interest of public convenience demand additional telegraph service from that already provided.

For the reasons announced in this opinion the motion to quash the alternative writ should be and is hereby granted.

ELLIS, C. J., AND WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.