This is the third time an appeal has been filed in this court growing out of the controversy between the parties herein. One of the appeals, No. 14782, was voluntarily dismissed. No. 20288, Billy v. Le Flore County Gas Electric Co.,146 Okla. 227, 293 P. 1009, being No. 3629 in the trial court, was an appeal from a judgment sustaining a motion for judgment on the pleadings. This court reversed the action of the trial court, and the cause was tried again. After judgment was rendered, the trial court sustained a motion for new trial. The case now before us is an appeal from the action of the trial court in sustaining said motion for new trial.
It appears that Albert Billy, a half-blood Choctaw Indian, in the year 1912, executed an oil and gas lease covering his allotment on which he and his wife resided and which they used as a homestead. The wife did not join in the lease. The land was restricted *Page 131 
and the lease was presented to and approved by the Secretary of the Interior. In the year 1922, Billy and his wife filed an action, No. 3629, in the district court of Le Flore county to cancel said lease upon three grounds:
(1) That the defendant has failed to develop said property for oil and gas and had failed to develop and operate offset wells.
(2) That the lease was unilateral by reason of the fact that the lessee was given the right to surrender by the payment of $1.
(3) That the land was a homestead, and that the wife of Albert Billy did not join in the lease, and therefore the lease was void and contrary to the laws of the state of Oklahoma.
The defendant filed an answer and the trial court rendered judgment on April 16, 1923, canceling said lease for the sole reason that the wife had not joined in the lease covering the said homestead. In this action there was no specific allegations relating to an accounting of oil and gas taken from said leasehold by the defendant, Le Flore County Gas Electric Company. The action was limited to quieting title and cancellation of the lease, with a general prayer for relief. There were no other issues presented for trial. The trial court, however, in its judgment decreed, "the court does not now determine the rentals for said real estate or determine the value of the oil and gas taken from the land, but leaves that question for a future action between the parties." The defendant perfected an appeal to this court, but shortly thereafter this appeal was dismissed.
We are confronted with this significant situation in that case, viz., the judgment was erroneous. The signature of the wife was not essential to the validity of the lease covering a homestead which had been approved by the Secretary of the Interior. Sperry Oil Gas Co. v. Chisholm, 264 U.S. 488, 68 L.Ed. 802.
After the dismissal of said appeal in the Supreme Court, Albert Billy and wife filed the instant action on January 15, 1924. They seek to recover for natural gas taken and appropriated from their homestead and for damages. They allege, substantially, that the defendant entered upon their premises in the year 1914 without authority or right and drilled a gas well which produced gas in large quantities. Plaintiffs pleaded the Judgment in the former action, No. 3269. They sought to require the defendant to account for the amount and quantity of the gas taken and appropriated. They prayed for a judgment in the sum of $60,000 and other relief.
The defendant sets up certain defenses, as follows: That the judgment canceling the lease was erroneous under the decisions of the Supreme Court of the United States in the Sperry Oil 
Gas Company Case, which was decided on April 7, 1924; that the plaintiffs acquired no rights under said judgment in case No. 3629 to constitute a basis for an action by the plaintiffs to recover the value of the gas taken from said premises; that plaintiffs accepted rentals and royalties under the lease which they had executed to defendant from October 24, 1912, to and including a part of the year 1923 without interposing any objections to the validity of the said lease; that plaintiffs were estopped from denying the validity of the lease; that plaintiffs' claim which arose prior to the 15th of January, 1922, being two years prior to the institution of the present action, was barred by the two-year statute of limitations; that the parties to the former action are the same; that practically the same questions involved in this action were involved in the former action, or might have been presented and determined therein; that the question of accounting could have been determined in said former action, and that by reason thereof plaintiffs are precluded from an accounting. The trial court rendered a judgment on the pleadings against the plaintiffs. Plaintiffs appealed therefrom to this court in the year 1925, and on September 30, 1930, this court reversed the action of the trial court. 146 Okla. 227, 293 P. 1009.
After the case was reversed and remanded with instructions to take further proceedings consonant with the opinion, the case came on for trial, and the trial court, after making extended findings of fact and conclusions of law, rendered judgment in favor of the plaintiffs for $171,069.25, including interest at 6 per cent. from January 15, 1924, being the date of the filing of the petition in the instant action. The trial court took the position that there was nothing before it except to ascertain the total amount of gas produced from the property and the value thereof, which was fixed at 8 cents per M. cubic feet based on a finding made by the Corporation Commission in a rate case in which the defendant was in no wise involved and at a date *Page 132 
five years after the taking of the gas involved had been discontinued. The trial court did not consider the issues raised in defendant's answer, but considered the aforesaid opinion of this court at the time of the trial as limiting the action of the trial court in ascertaining the amount and value of the gas taken from said premises by reason of the former judgment of the trial court holding that the lease was void. The defendant filed a motion for new trial, and after an extensive argument and brief the trial court sustained defendant's motion for new trial, which presented 14 grounds of error. It is from this action of the trial court that the plaintiffs in error herein have, appealed to this court. Plaintiffs present two propositions, to wit:
(1) On remand by this court on the former appeal of this case, the paramount issue to be determined by the trial court was the amount of plaintiffs' compensation.
(2) The paramount issue now before this court is, Did the trial court err in a pure and unmixed question of law in granting the defendant a new trial?
On the other hand, the defendant contends that the trial court erred in striking the defendant's pleading in its answer, and that the trial court properly sustained said motion for new trial.
It is to be observed that the plaintiffs did not in any way endeavor to have the trial court indicate the basis of its ruling granting a new trial. It would have been an easy matter to have timely requested the trial court to indicate upon what theory the trial court based its decision in granting a new trial. It is evident from the record that the trial court did not consider as material at the time of the rendition of its judgment the defenses pleaded by the defendant on the question of estoppel, limitation, and payment. These questions were before the court at the time the motion for new trial was presented. The trial court in granting a new trial made a general finding that said motion for new trial should be sustained, and in no manner limited its ruling thereon upon any single ground presented by the motion for new trial. This court said, in the case of Avery v. Goodrich, 138 Okla. 123,280 P. 586, as follows:
"It is admitted that, in the granting or overruling of a motion for a new trial, the trial court has a broad discretion, and that such orders will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion. It has also been held that, where a motion for a new trial is granted, the showing for reversal should be much stronger than where a new trial is denied. McGhee v. Hurst,91 Okla. 258, 217 P. 368; Burtschi v. Love, 105 Okla. 97,231 P. 1048."
In reference to the opinion of this court reversing and remanding the cause by reason of the judgment of the trial court in sustaining a motion for judgment on the pleadings, it is to be observed that this court had before it the single question of determining whether the judgment of the trial court should be reversed or affirmed. This court could not at that time pass on the facts tendered by the answer. There appears to be dictum in the opinion, but such dictum is expressly overruled in reference to passing upon such facts if in any wise it gives color to such question. An examination of the opinion shows that it is confined to this sole question of determining whether judgment should have been rendered on the pleadings. The court held that such judgment was erroneous and reversed and remanded the cause for further proceedings. When the matter was considered further by the trial court, it was the duty of the trial court to determine the issuable facts presented. It hardly seemed arguable that a finding of the Corporation Commission five years after the taking of the gas involved in this action in another independent action, over an objection, could be competent to constitute a basis for the finding of the value of the oil and gas taken in the instant action.
The Corporation Commission has only such, authority as is given to it by the Constitution and the statutes. Bromide Crushed Rock v. Dolese Bros. Co., 121 Okla. 40, 247 P. 74. Its decisions relative to regulating and supervising a public utility in respect to fixing rates are not res adjudicata and binding upon the courts in ascertaining market value of gas in a suit for wrongful conversion between private parties. Questions involving private rights and substantive law are beyond its power. Compton v. Alabama Power Co. (Ala.)114 So. 46; State ex rel. Wells v. Western Union Tel. Co. (Fla.)118 So. 478.
If plaintiffs are entitled to a judgment, it is manifest that the trial court erred in allowing interest from the date of the filing of the suit. If interest should be allowed, it should be computed upon the value of the gas at the time of its taking. Section 5999, C. O. S. 1921; American. Eagle Fire *Page 133 
Ins. Co. v. Lively, 142 Okla. 246, 286 P. 797.
It appears that Albert Billy sold an undivided one-half interest in his alleged cause of action to Chas. J. Goeske, who intervened in this action. Defendants urge that if any recovery is had by plaintiffs, the same should be limited to one-half of what otherwise would obtain by reason of said sale to Goeske. We find no merit to this contention. Defendant has in no wise been prejudiced thereby. Horn v. Smith, 85 Okla. 137,204 P. 642.
In view of the foregoing, the action of the trial court in sustaining the motion for new trial is affirmed, and the cause remanded for further proceedings, not inconsistent with the views herein expressed.
CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL, J., absent.
 On Rehearing.