## KEYSTONE PIPE & SUPPLY CO. v. CRABTREE.

No. 22426. Sept. 11, 1934.

Ben Hatcher, for plaintiff in error.

J. W. Bolen and Claude V. Thompson, for defendant in error.

McNEILL, J. This appeal involves the correctness of the ruling of the trial court in sustaining a motion for new trial.

The parties will be referred to as they appeared in the trial below, plaintiff in error as plaintiff, and defendant in error as defendant. Plaintiff instituted an action on an account against said defendant and caused an order of attachment to issue against certain real estate interest of defendant. The defendant filed an answer denying the grounds of attachment, admitting a portion of the alleged indebtedness, and by way of counterclaim asked for damages for the reason that the property had been wrongfully attached, and that after said unlawful attachment was made the market value of said

real estate for oil and agricultural purposes greatly diminished. The court submitted the issues to the jury. The jury returned a general verdict and answers to special interrogatories as follows:

"We, the jury drawn, impaneled and sworn in the above entitled cause, do upon our oaths find for the * * * $1,453.70 less $400.

"Plaintiff and affix the amount of their recovery in the sum of $1,053.70 one thousand fifty three dollars and seventy cents. And Keystone Pipe and Supply Co. shall release the attachment on the land deeded by Edgar G. Crabtree to his father, D. C. Crabtree.

"N. A. Wilson, Foreman."

"The Keystone Pipe and Supply Co. v. Crabtree Brothers and Devine. No. 9939

"Special Interrogatories.

"1. What do you find was the value of the mineral rights on or about July 27, 1929, of the 33½ acres referred to in the evidence, in section 27-5N.-8E., and of the 190 acres of Surface and 110 acres of royalty thereunder in section 1-4N.-8E.    $11,250.00

"2. What do you find is the value of said royalty and surface at this time?  $4,787.50

"3. Did Edgar G. Crabtree intend to defraud his creditors when he conveyed the tract of land in sections 8 & 9 4N.-8E., to D. C. Crabtree, after this suit was filed?
"No.

"Signed:
"N. A. Wilson.

"We the jury find this to be the difference $4,787.50 between when suit was filed and at present time, but no damage was done to E. G. Crabtree."

The defendant filed a motion for new trial for the following reasons:

"First:  That the verdicts were contrary to facts.

"Second:  That the verdicts were contrary to law.

"Third:  That the court erred in the admission and in the rejection of evidence.

"Fourth:  For errors of law occurring at the trial to which the defendant, at the time, excepted.

"Fifth:  Because the court erred in its instructions to the jury."

The trial court held that the attachment was wrongful and ordered the property released. The judgment rendered in reference to sustaining a motion for new trial, in part, is as follows:

"* * * and the court does proceed to consider same without the introduction of any evidence, and it appearing to the court that there is a conflict between the general verdict herein and the special verdicts herein, and therefore the court finds that said motion is well taken and should be sustained;

"It is therefore ordered, adjudged and decreed that the motion for new trial of said defendant, Edgar G. Crabtree, be, and the same is, hereby in all things sustained, and said defendant is hereby granted a new trial in this case. * * *"

It is urged on behalf of the plaintiff that the trial court abused its discretion in granting a new trial for the reason the verdict and judgment is supported by the law, and that the evidence and the trial court's grounds for setting aside the verdict and judgment were not sufficient and were erroneous in law. It is also asserted that by reason of the conflict between the general verdict and special verdict, and for that reason alone, the trial court found the defendant's motion for new trial to be well taken, and sustained the same on that ground only. The record does not appear to narrow and limit itself solely to that reason. The judgment sustaining the motion for new trial recites that "* * * the same is hereby in all things sustained and said defendant is hereby granted a new trial in this case. * * *" Counsel for plaintiff insists that the special findings of the jury do not constitute a discrepancy or inconsistency, and that the special verdict in no way affects or interferes with the general verdict except to support and substantiate the same, and the trial court was duly bound to let the general verdict stand; also, that the decrease in value would have occurred regardless of the issuance of the order of attachment, and that there was no showing that the writ of attachment caused the admitted decrease in value.

It is to be observed that the jury went outside of the interrogatories prepared and made the following finding:

"We the jury find this to be the difference $4,787.50 between when suit was filed and at present time, but no damage was done to E. G. Crabtree."

It also appears that the jury made a miscalculation from the face of the figures and that the difference in value at the time the attachment was dissolved should have been $6,472.50 instead of $4,787.50. Under the special findings the defendant was awarded no damages for the attachment which the court found was wrongful. The jury specifically found that the defendant did not intend to defraud his creditors. The evidence does not seem to be disputed that the defendant had sold some of his royalty interest for at least $25 an acre, and that he contemplated get-

ting further funds to finance the drilling of an oil and gas well by disposing of his royalty interest in the land which was attached.

In the case of Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26, this court, in discussing the latitude and discretion of the trial court in setting aside and modifying its proceedings in reference to granting a new trial, said:                :

"The trial court, for the purposes of administering justice, has a very wide latitude and extended discretion in setting aside and modifying proceedings had in its own court, and where the trial court grants a new trial, it will not be reversed unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made, and all this must appear from the record."

See, also, Ten Cate v. Sharp, 8 Okla. 300, 57 P. 645.

To reverse the ruling of the trial court in sustaining a motion for new trial requires a clear and positive issue of manifest error and abuse of discretion. Isaacs v. Tull, 131 Okla. 138, 267 P. 1049.

The trial court is not required to state the specific grounds for the overruling or sustaining of a motion for new trial unless timely requested to do so. Such a request is reasonable, and the trial court should comply therewith for the purpose of restricting the issues on error before this court. See Billy v. Le Flore County Gas & Electric Co., 166 Okla. 130, 26 P. (2d) 149; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462.

Finding no prejudicial error of the trial court in sustaining the motion for new trial, the judgment is affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.