## STILLWATER MILLING CO. v. HERRLEY.

No. 26427.   Opinion Filed Dec. 1, 1936.

Rehearing Denied Feb. 2, 1937.

Clayton B. Pierce, Truman B. Rucker, and R. F. Shutler, for plaintiff in error.

L. P. Melone and John Barry, for defendant in error.

PER CURIAM.  This action was commenced by Frank Herrley, defendant in error, plaintiff below, against the Stillwater Milling Company, a corporation, plaintiff in error, defendant below, in the district court of Kingfisher county, on April 3, 1934. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The petition alleges, in substance, that on the night of February 24, 1934, plaintiff was traveling in a car driven and operated by one Martin Templin over Federal Highway No. 81, which runs through the city of Kingfisher in a general northerly and southerly direction. That said car was being operated at a reasonable rate of speed; that the defendant was operating a Ford V8 truck over the same highway, said truck being driven by an employee named Stone. That there was a heavy mist and rain falling, obscuring the vision of travelers. That about 8:30 of said evening, and after dark, said employee, Stone, drove the truck owned by said defendant to a point 100 yards south of the city limits, and then, discovering that he was on the wrong road, backed the truck into a private driveway and then drove it in an easterly direction so that it entirely blocked the highway. That while the truck was in this position a Ford sedan, coming from the south and driven by one W. R. Miles, collided with defendant's truck, wrecking the Ford sedan and breaking the front axle of defendant's truck. That after said collision between Miles' automobile and defendant's truck, defendant's employee, Stone, left defendant's truck and the said Miles' automobile upon the highway, competely blocking same, and without any light or signal or any other warning to travelers. That while said highway was so blocked, a car driven by one S. N. Putney, traveling in a northerly direction, approached said obstruction and came to a stop south of said obstruction, on the right side of the highway. The Putney car had no tail light, and if the headlights were burning, they were not visible to persons approaching from the south, going north, because of the inclement weather. That the automobile in which plaintiff was riding collided with great force with the Putney car, the Miles car, and defendant's truck. That as a result of the collision plaintiff sustained serious personal injuries. That said injuries were caused by defendant's wrongful and negligent act in attempting to turn the truck around in the private driveway instead of going to the intersection; in failing to have lights or signals on the truck to mark its presence; in leaving the truck and Ford sedan unattended, and in failing to place any warning signals on either side of said truck warning persons of its dangerous position.

The petition ends with a prayer for the recovery of the sum of $50,000, to which petition the defendant filed its answer, admitting that it is a corporation; that on the 24th day of February, 1934, there was a heavy mist and rain falling and that the vision of travelers on said highway was obscured; that defendant's truck and the automobile owned by Miles had a collision and that they were so badly damaged they could not be moved without the assistance of a wrecker. That the said Putney, approaching from the south and noting the situation, reduced the speed of his car to a reasonable speed under the circumstances, and proceeded to pass around the wrecked and damaged cars of the defendant and Miles. That while the Putney car was proceeding slowly around said truck, the car in which plaintiff was riding was driven

into and against the Putney car. Defendant alleges that the headlghts and the rear or tail lights of defendant's truck and the Putney car were lighted and burning. That the car in which plaintiff was riding was being driven at a high and dangerous rate of speed, and that plaintiff and Martin Templin were on a joint and mutual enterprise and that Martin Templin was acting as the agent of plaintiff. That plaintiff was guilty of contributory negligence in that said car in which he was riding was being driven at a high and dangerous rate of speed; that plaintiff consented to the careless and negligent manner in which said car was being driven.

Thereafter, plaintiff filed his reply, and upon these issues the cause was tried to a jury, which returned a verdict in favor of the defendant. Motion for a new trial was duly filed, and the court found that the motion was well taken and should be sustained, to which the defendant excepted and the exception duly allowed, and from said order granting a new trial the defendant appeals and said cause is here for final determination.

We have carefully examined the entire record in this cause, and without setting out the testimony, we cannot say as a matter of law that the trial court abused its discretion in granting a new trial.

In the case of Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26, the court said:

"The trial court, for the purpose of administering justice, has a very wide latitude and extended discretion in setting aside and modifying proceedings had in its own court, and where the trial court grants a new trial, it will not be reversed unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made, and all this must appear from the record."

In the case of Isaacs v. Tull, 131 Okla. 138, 267 P. 1049, the court, in the syllabus, said:

1. "The judge who presides at the trial of a case, hears the testimony as it falls from the lips of the witnesses, observes their demeanor on the stand, and has full knowledge of all the proceedings had and done during the progress of the trial, is in a better position to know whether or not substantial justice has been done than any other person can be. Where such judge on presentation of a motion for a new trial

sustains such motion, it will require a clear showing of manifest error and abuse of discretion before an appellate court would be justified in reversing such ruling of the trial court."

2. "A motion for a new trial is addressed to the sound, legal discretion of the trial court, and, where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct."

This court cited the above cases with approval in the recent case of Keystone Pipe & Supply Co. v. Crabtree, 169 Okla. 20, 35 P. (2d) 875.

Having concluded that the trial court did not abuse its discretion in granting a new trial, we do not deem it necessary to consider the other propositions advanced by the parties.

Finding no prejudicial error of the trial court in sustaining the motion for new trial, the judgment is affirmed.

This court acknowledges the aid of Attorneys B. V. Boone, G. G. Hilford, and J. M. Winters, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Boone and approved by Mr. Hilford and Mr. Winters, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.