**HILDEBRAND et al.**
v.
**HARRISON.**

No. 35611.

Supreme Court of Oklahoma.

Oct. 20, 1953.

Rehearing Denied Nov. 17, 1953.

Floyd Yarbrough, Pawhuska, Lee Williams, Oklahoma City, for plaintiffs in error.

McCoy & Craig, Pawhuska, A. O. Harrison, Bartlesville, per se, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Certain errors alleged on appeal concern procedural matters which we deem controlling.

At the end of the trial in the court below, the court entered findings of fact and conclusions of law favorable to defendant, and entered judgment for defendant. Thereafter plaintiff filed a motion for new trial within the time allowed, and later filed an amended motion for new trial on grounds of newly discovered evidence. Four months later a hearing was had on the

motions for new trial at which evidence was introduced; the matter was then continued for about another month, when further evidence was taken. At the conclusion of the last hearing, the court made the following remarks:

"Now if that closes the matter, I am going to pass on this. I think the Court was in error in rendering the first opinion. I based that opinion upon the oral testimony of Mr. Hildebrand. I said then that his oral testimony was that of an outstanding witness. However, after more and considerable consideration of this matter, I am forced to change my conclusions and I here and now withdraw my former findings of fact and conclusions of law in this case and the rendition of the former opinion handed down on the 21st day of last May and I set the judgment aside and I have prepared here and now and have a new set of findings of fact and conclusions of law wherein I render judgment for the plaintiff in this case * * *."

The court then filed new findings of fact and conclusions of law and rendered judgment for plaintiff. On the same occasion, during some discussion between the court and counsel for defendants, the court said, "Yes, I sustained the motion for new trial, I had to do that before I'd do anything else. * * *"

After counsel for defendant had made his objections, the court further stated:

"The order, as I stated, was that I granted a new trial and I just set aside the former judgment in this case and have at this time rendered judgment —have rendered the present judgment and therefore it is my opinion that you are entitled to file your motion for new trial."

Defendants then filed a motion for new trial which was overruled, and have appealed.

Two of their propositions of error are: (1) error of the court in granting plaintiff's motion for new trial; and (2) error of the court in entering new findings and a new judgment after granting a new trial, but without having any new trial.

■ Defendants' arguments under the first proposition are based on the assumption that the motion was granted because of newly discovered evidence. This is not necessarily true. An examination of plaintiff's motions shows that they included several other statutory grounds for new trial, including the allegation that the decision is not sustained by sufficient evidence. Since the trial court's order sustaining the motion did not state the specific grounds upon which it was based, the following rules from Keystone Pipe & Supply Co. v. Crabtree, 169 Okl. 20, 35 P.2d 875, 877, are applicable:

"The trial court is not required to state the specific grounds for the overruling or sustaining of a motion for new trial unless timely requested to do so. * * *

" 'In the granting or overruling of a motion for a new trial, the trial court has a broad discretion. Its judgment will not be interfered with on appeal, unless it clearly appears that the trial court has abused its discretion. Where a motion for new trial is granted, a showing for reversal should be much stronger than where a new trial is denied. Avery v. Goodrich, 138 Okl. 123, 280 P. 586.' Billy v. LeFlore County Gas & Electric Co., 166 Okl. 130, 26 P. 2d 149."

■ We have examined the record carefully and find that the evidence is squarely in conflict. We therefore cannot say that "it clearly appears that the trial court has abused its discretion."

With regard to defendants' second proposition (error of the court in entering new findings and new judgment after granting a new trial, but without having any new trial), defendant's contentions must be sustained. Title 12, O.S.1951 § 651, reads in part as follows:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a *decision by the court*. The former verdict, re-

port or *decision* shall be vacated, and a new trial granted * * *." (Emphasis supplied.)

See also Curtis v. Bank of Dover, 113 Okl. 224, 241 P. 173, wherein it was said:

"Where a law case is tried to the court without the intervention of a jury, and judgment rendered for the defendants, and the court thereafter sustains the motion for a new trial, *the case stands as though it had never been tried*, and the court is without authority to render judgment in favor of plaintiff without a retrying of said cause." (Emphasis supplied.)

Plaintiff argues that the above rule does not apply because by its terms it concerns a law case only, and the case at hand is an equity case. In view of the italicized portions of the statute above-quoted, which make it applicable to all "decisions" by the court, this argument cannot be sustained.

Defendants herein urge this court to affirm the first judgment rendered (the judgment for defendants), and pursuant to such suggestion, have briefed this case on its merits. Plaintiff has also briefed this case on its merits, and while plaintiff's arguments appear to be more persuasive, we believe the ends of justice will be better served if the case is re-tried, since it is entirely possible that new evidence could be adduced at the second trial which would materially affect the judgment of the trial court.

In view of our holdings above, we find it unnecessary to rule on defendants' remaining proposition of error.

The judgment of the trial court is affirmed as to that part granting a new trial; it is reversed as to that part in which the trial court purportedly entered judgment for plaintiff, and it is remanded to the court below with directions to re-try the case.

HALLEY, C. J., JOHNSON, V. C. J., and CORN and O'NEAL, JJ., concur.

BLACKBIRD, J., concurs in conclusion.

WELCH, DAVISON and ARNOLD, JJ., dissent.